[No. 21520–5–I.   Division One.   July 31, 1989.]

EARL A. WESTLUND, *Appellant,* v. THE DEPARTMENT OF LICENSING, *Respondent.*

*Paul E. Simmerly,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Joyce A. Roper, Assistant,* for respondent.

PEKELIS, J.—Earl W. Westlund appeals from an order of the Director of the Department of Licensing revoking his real estate broker's license for a minimum term of 2 years. We affirm.

Based on a complaint made by Grover and Emerald Fletcher, the Department of Licensing charged Earl Westlund, a real estate broker and developer, with violating the real estate brokers code and commenced an action to revoke his real estate broker's license. Westlund moved to dismiss the action, arguing that the action was stayed by the automatic stay provision of the Bankruptcy Code. The Administrative Law Judge ruled that the Department's action was not subject to the automatic stay provision. A hearing was then held pursuant to RCW 18.85.251.

On appeal, Westlund contends that the proceeding to revoke his real estate broker's license violates the automatic stay and injunctive provisions of the federal Bankruptcy Code. He also contends that a bankruptcy court, not this court, must determine whether or not an exception to the automatic stay provision applies.

■ The Sixth Circuit has held that federal courts as well as bankruptcy courts have jurisdiction to determine whether proceedings before them are subject to the automatic stay provision of the Bankruptcy Code. *NLRB v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 939 (6th Cir. 1986); *see also In re Baldwin–United Corp. Litig.*, 765 F.2d 343, 347 (2d Cir. 1985). State courts have also adjudicated the issue of whether proceedings before them are subject to the automatic stay provision, without challenge to their authority to do so. *See, e.g., Cooper v. State Bar of Cal.*, 43 Cal. 3d 1016, 741 P.2d 206, 239 Cal. Rptr. 709 (1987). We therefore conclude that we may determine whether or not the proceeding to revoke Westlund's license is subject to the automatic stay provision.

11 U.S.C. § 362(a)(1) provides that the filing of a bankruptcy petition operates as a stay of judicial, administrative, or other actions against the debtor. 11 U.S.C. § 362(b) excepts certain actions from the automatic stay provision, including "an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power". 11 U.S.C. § 362(b)(4) (1982).

■ Federal courts have developed two tests to determine whether a governmental proceeding is excepted from the automatic stay: the pecuniary purpose test and the public policy test. *Edward Cooper Painting*, 804 F.2d at 942; *In re Charter First Mortgage, Inc.*, 42 Bankr. 380, 382 (Bankr. D. Or. 1984). Under the pecuniary purpose test, governmental units may act to protect public health and safety but may not act to protect their pecuniary interest in the property of the debtor or the bankruptcy estate. *Edward Cooper Painting*, 804 F.2d at 942; *In re Charter First Mortgage*, 42 Bankr. at 382. Under the public policy test, the distinction is between proceedings which fulfill public policy and those which adjudicate private rights. *Edward Cooper Painting*, 804 F.2d at 942; *In re Charter First Mortgage*, 42 Bankr. at 383.

The purpose of Washington's real estate brokers code is to protect the welfare of the general public. *McRae v. Bolstad,* 32 Wn. App. 173, 175, 646 P.2d 771 (1982), *aff'd,* 101 Wn.2d 161, 676 P.2d 496 (1984). In commencing its action to revoke Westlund's real estate broker's license the Department of Licensing acted to protect the public, thereby fulfilling the purpose of the real estate brokers code. The Department did not act to protect a pecuniary interest in Westlund's property, nor was the revocation proceeding an adjudication of private rights. Thus, applying either the pecuniary purpose or public policy test, we conclude that the proceeding to revoke Westlund's real estate broker's license is excepted from the automatic stay provision pursuant to 11 U.S.C. § 362(b)(4).[1]

Westlund's additional contention that the proceeding to revoke his license violates the injunctive provision of 11 U.S.C. § 524(a)(2) is without merit. Section 524(a)(2) enjoins only actions to collect, recover, or offset any discharged debt. The section does not operate to enjoin the proceeding against Westlund.

Affirmed.

The remainder of this opinion has no precedential value and thus will not be published. *See* RCW 2.06.040; CAR 14.

COLEMAN, C.J., and FORREST, J., concur.

Review denied at 113 Wn.2d 1020 (1989).

---

[1]Similarly, courts from other jurisdictions have held that a proceeding to revoke a driver's license, a proceeding to revoke a physician's license, and disciplinary proceedings by a state bar association all fall within this exception to the automatic stay provision. *In re Norton,* 76 Bankr. 624, 631 (Bankr. M.D. Tenn. 1987); *In re Thomassen,* 15 Bankr. 907 (Bankr. 9th Cir. 1981); *Cooper,* 741 P.2d at 212.