[No. 29110-3-III.   Division Three.   June 14, 2011.]

*In the Matter of the Marriage of* CARLOS RUBEL VIGIL, *Respondent*, and CAROL ANN VIGIL, *Appellant*.

*Richard B. Geissler*, for appellant.
*Jason R. Nelson*, for respondent.

¶1 SIDDOWAY, J. — One business day prior to the scheduled trial of Carlos Rubel Vigil's action to dissolve his marriage to Carol Ann Vigil, she filed for bankruptcy protection. In light of compelling circumstances presented by Mr. Vigil, the superior court granted his motion to bifurcate the proceeding and decided his right to dissolve the marriage at the appointed time, even though property issues would have to be resolved later. Mrs. Vigil appeals. We conclude that the court properly construed both federal bankruptcy law and chapter 26.09 RCW and, lacking jurisdiction to divide the parties' property, was authorized to proceed as it did. We therefore affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2 Carlos Vigil commenced a proceeding to dissolve his marriage to Carol Ann Vigil in January 2009. The trial date was originally set for late November 2009. In early November, the parties jointly requested a continuance of trial to complete discovery and seek mediation, and an amended case schedule order was entered resetting the trial for

March 2010. In early 2010, Mr. Vigil was diagnosed with advanced pancreatic cancer.

¶3 Shortly prior to the March trial, Mrs. Vigil retained new counsel and requested a further continuance. Mr. Vigil opposed the request, notifying the court that he had been diagnosed with terminal cancer and arguing that for treatment reasons and in order to participate he needed the matter tried without delay. As an alternative to denying a continuance, Mr. Vigil asked the court to bifurcate the proceeding and defer the property division, but enter the decree of dissolution immediately.[1] The court denied the request to bifurcate and granted a continuance over Mr. Vigil's objection, but granted only a short continuance and one that would accommodate Mr. Vigil's scheduled treatment.

¶4 On the Friday prior to the Monday, May 24, trial date, Mrs. Vigil filed a petition for bankruptcy. When the parties appeared at the time set for trial, Mr. Vigil—who argued that the bankruptcy filing was a tactic to delay trial and effectively deny him a divorce—renewed his request to present the limited evidence needed for the court to enter the decree of dissolution, reserving the property division for later resolution.[2] Mrs. Vigil opposed bifurcation, contending that it was not permitted under *In re Marriage of Little*, 96 Wn.2d 183, 634 P.2d 498 (1981).

¶5 After reviewing *Little* and hearing argument of counsel, the trial court granted the request to proceed with the case in a bifurcated manner. She entered findings, conclusions, and a decree of dissolution the same day, dissolving

---

[1] The Vigils' children were all adults, so the only issue ancillary to dissolving the marriage was the property division.

[2] Mr. Vigil and his counsel expressed Mr. Vigil's strong desire to conclude the divorce from Mrs. Vigil before he died but did not provide a detailed explanation why. The court was aware from evidence presented during the proceedings that the Vigils' marriage had been broken for a number of years. Mrs. Vigil had filed materials with the court indicating that at least as early as 2008 her husband had become involved with another woman, whom he might intend to marry. Counsel also disclosed to the court that upon entry of the decree, and if permitted by the court, Mr. Vigil wished to change some beneficiary designations and property dispositions.

the marriage but reserving property issues. Mrs. Vigil timely appealed. Mr. Vigil's personal representatives, appointed following Mr. Vigil's death on July 2, 2010, oppose the appeal.

## ANALYSIS

██ ██ ¶6 Mrs. Vigil assigns error to the trial court's decisions (1) to proceed with a portion of the dissolution trial without awaiting an order from the bankruptcy court granting relief from the automatic stay and (2) bifurcating dissolution from the required property division, which she contends was contrary to *Little*. We ordinarily review a bifurcation decision for abuse of discretion. *State v. Roswell*, 165 Wn.2d 186, 192, 196 P.3d 705 (2008). Here, however, Mrs. Vigil argues that the trial court lacked authority to proceed as it did as a matter of federal and state law. We review these questions of law de novo.[3] *Id.*

### I

██ ██ ¶7 The filing of a bankruptcy petition under the United States Bankruptcy Code generally operates as a stay of the continuation of an action against a bankruptcy debtor that was commenced prior to her petition for bankruptcy. 11 U.S.C. § 362(a)(1). The § 362 automatic stay is subject to exceptions. In 2005, Congress amended 11 U.S.C. § 362(b) to add a "dissolution of marriage" exception to the list of actions and proceedings to which the automatic stay does not apply. With that change, the Bankruptcy Code provides:

> (b) The filing of a petition under section 301, 302, or 303 of this title . . . does not operate as a stay—

---

[3] Mrs. Vigil also contends that the court committed legal error by entertaining a request for bifurcation raised orally rather than by formal written brief served and filed at least five days prior to the hearing. She cites CR 5, 6, and 7. However, the request for bifurcation was raised at the time set for the dissolution trial and the court was clearly authorized to entertain it. CR 7(b)(1) ("An application to the court for an order shall be by motion which, *unless made during a hearing or trial*, shall be made in writing." (emphasis added)).

. . . .

(2) under subsection (a)—

(A) of the commencement or continuation of a civil action or proceeding—

. . . .

(iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate.

11 U.S.C. § 362. The trial court correctly concluded that the Bankruptcy Code did not prevent it from dissolving the Vigils' marriage as long as it did not determine the division of property.

¶8 Mrs. Vigil nonetheless argues that the trial court lacked authority to decide whether the automatic stay applied and was required to await an order from the bankruptcy court lifting the stay. She relies for this proposition on *Carver v. Carver*, 954 F.2d 1573 (11th Cir.), *cert. denied*, 506 U.S. 986 (1992); *In re White*, 851 F.2d 170 (6th Cir. 1988); and *In re Johnson*, 51 B.R. 439 (Bankr. E.D. Pa. 1985). All of these cases were decided prior to the 2005 change in the Bankruptcy Code creating the dissolution of marriage exception.

¶9 Prior to enactment of the dissolution of marriage exception at 11 U.S.C. § 362(b)(2)(A)(iv), courts were divided as to whether parties could obtain a divorce without first obtaining relief from the automatic stay. Some courts held that even absent an explicit exception, relief from the stay was not required. *E.g.*, *In re Elrod*, 91 B.R. 187, 189 (Bankr. M.D. Ga. 1988) ("The Bankruptcy Code protects property of the bankruptcy estate and of the debtor; it does not protect the marital status of the debtor."). Others held that a party seeking to obtain a divorce must rely on § 362(d)(1) and apply to the bankruptcy court for relief from the stay, for cause. *In re Pagitt*, 3 B.R. 588 (Bankr. W.D. La. 1980). These cases predating enactment of the dissolution of marriage exception are all inapposite. Following enactment of the exception, it controls. The automatic stay does not apply to

the continuation of a civil action for the dissolution of marriage that does not determine a division of property. *Shavers v. Shavers*, 982 So. 2d 397, 398 (Miss. 2008).

¶10 A state court has authority to decide whether the automatic stay applies to its proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106 (9th Cir. 2005) (citing *In re Gruntz*, 202 F.3d 1074, 1087 (9th Cir. 2000) (en banc)); *Westlund v. Dep't of Licensing*, 55 Wn. App. 82, 84, 778 P.2d 40, *review denied*, 113 Wn.2d 1020 (1989). The trial court correctly concluded that it had the authority to determine whether the automatic stay applied and correctly construed the dissolution of marriage exception.

## II

¶11 Mrs. Vigil next argues that the trial court committed legal error under Washington law by bifurcating the dissolution proceeding, basing her argument on *Little*. In *Little*, the Washington Supreme Court held that changes in Washington's divorce law made by adoption of the uniform marriage and divorce act, Laws of 1973, 1st Ex. Sess., ch. 157, did not change what had been construed to be legislative policy requiring courts to decide all issues within their jurisdiction at the time they entered a decree of divorce. *Little*, 96 Wn.2d at 190-91 (citing *Shaffer v. Shaffer*, 43 Wn.2d 629, 630, 262 P.2d 763 (1953) as first construing this policy); *accord* RCW 26.09.050(1) ("In entering a decree of dissolution of marriage . . . the court shall . . . make provision for the disposition of property and liabilities of the parties."). But *Little* also acknowledged an exception where a court lacks jurisdiction to dispose of the parties' property at the time set for trial. 96 Wn.2d at 192-93 (citing Luvern V. Rieke, *The Dissolution Act of 1973: From Status to Contract?*, 49 Wash. L. Rev. 375, 401-03 (1974); RCW 26.09-.080, .090). It is this exception that applies to Mr. Vigil's dissolution action.

¶12 RCW 26.09.080 governs how a court is to dispose of the property and liabilities of the parties "in a proceeding

for disposition of property *following* dissolution of the marriage . . . by a court which . . . lacked jurisdiction to dispose of the property." (Emphasis added.) This provision authorizing some postdissolution divisions of property was cited in *Little* as evidence, by negative implication, that the legislature intended that in other cases ancillary matters should be addressed at the same time as the decree of dissolution. As explained in *Little*:

> RCW 26.09.080 authorizes a "proceeding for disposition of property following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to dispose of the property". Implicit in this language is an understanding that, if the court has jurisdiction over the parties and the property, it will dispose of the property when it dissolves the marriage.

96 Wn.2d at 193. By explicitly authorizing a trial court to conduct a second-stage proceeding dividing property where jurisdiction was lacking at the time of trial, the statute implicitly authorizes bifurcation. When a court lacks jurisdiction to dispose of property at the time of the dissolution trial, it may dissolve the legal status of the marriage while deferring those issues over which the court does not have jurisdiction. *Ghebreghiorghis v. Dep't of Labor & Indus.*, 92 Wn. App. 567, 573-74, 962 P.2d 829 (1998) (court did not err by dissolving legal status of the marriage without addressing child custody, visitation, or support, where it lacked jurisdiction to address those issues).

¶13 Here, at the time set for trial, the court lacked jurisdiction to address the property and liabilities of the parties in light of Mrs. Vigil's petition for bankruptcy protection. 28 U.S.C. § 1334 provides:

> (e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction—
>
> > (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate.

"Property of the estate" is broadly defined to include legal or equitable interests of the debtor as well as the debtor's

and the debtor's spouse's interests in community property. 11 U.S.C. § 541. Through these provisions, Congress has deprived state courts of jurisdiction over property of a bankruptcy estate. *In re PRS Ins. Grp., Inc.*, 335 B.R. 77, 83 (Bankr. D. Del. 2005).

¶14 In light of the court's lack of jurisdiction over the Vigils' property, it was not required to further defer the dissolution of marriage that had been petitioned for by Mr. Vigil 16 months earlier and continued twice. The court did not err by dissolving the marriage at the time set for trial.

### III

¶15 Both parties request attorney fees on appeal pursuant to RAP 18.1. The requests for attorney fees are denied.

¶16 Affirmed.

SWEENEY and BROWN, JJ., concur.

Reconsideration denied July 26, 2011.

Review denied at 173 Wn.2d 1005 (2011).