# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| SHARON EVA, a single woman,<br><br>Respondent,<br><br>v.<br><br>JEFF VOLK-REIMER, a single man,<br><br>Appellant. | No.  49740-9-II<br>(Consolidated with No. 49110-9-II<br>and No. 49240-7-II)<br><br>ORDER AMENDING OPINION |

The unpublished opinion in this case was filed on September 11, 2018.  After review, we find it necessary to amend the opinion to correct the case numbers.  Thus, it is hereby

ORDERED that the case numbers in the caption of the opinion shall read as follows:

No.  49740-9-II
(Consolidated with No. 49110-9-II and No. 49240-7-II.)

Jjs:  Bjorgen, Worswick, Sutton

For the court:

_____
Bjorgen, J.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| SHARON EVA, a single woman, | No.  49840-9-II |
| | (Consolidated with No. 49110-9-II |
| Respondent, | and No. 49240-7-II) |
| v. | UNPUBLISHED OPINION |
| JEFF VOLK-REIMER, a single man, | |
| Appellant. | |

BJORGEN, J. — In a dispute over ownership of a house, Jeff Volk-Reimer appeals from three superior court orders in favor of Sharon Eva.  He appeals (1) the June 10, 2016 order resetting the litigation schedule, (2) the August 12, 2016 order compelling him to attend a deposition, and (3) the November 29, 2016 order entering a default judgment in Eva's favor.

Volk-Reimer argues that the superior court erred by (1) continuing to rule on matters after he filed an affidavit of prejudice, (2) ordering him to attend a deposition on August 12, 2016, without proper notice, (3) entering a default judgment in Eva's favor, and (4) determining that Eva's evidence was credible.  He also argues that we should allow him to supplement the record on appeal under RAP 9.11(a).  Eva requests attorney fees on appeal.

We hold that Volk-Reimer has not demonstrated any error in the superior court and has not shown that supplementing the record on appeal is warranted. Consequently, we affirm the superior court's default judgment. We also grant Eva's request for attorney fees on appeal.

FACTS

Volk-Reimer and Eva were in a romantic relationship. In 2007, they purchased a house located in Tacoma, and in August 2010, they separated and Volk-Reimer moved out of the house. On March 28, 2011, Volk-Reimer quitclaimed his interest in the house to Eva. Eva did not record the deed in order to attempt to secure a more favorable loan interest rate while the loan was in Volk-Reimer's name.

Eva lived at the home full time from 2009 to April 2013, after which she occupied it part time and rented it for short terms. She continued to do so until October 27, 2015, when Volk-Reimer entered the house without Eva's consent and refused to leave. On November 30, Eva filed a complaint in Pierce County Superior Court against Volk-Reimer for ejectment, trespass, waste, nuisance, replevin, injunctive relief, and for an order stating that Eva owned the house. On December 10, Volk-Reimer filed his answer denying Eva's claims.

On January 4, 2016, Eva served Volk-Reimer with discovery requests consisting of interrogatories and requests for admission. Eva mailed the discovery requests to the address Volk-Reimer provided for service, but the mail was returned by the United States Postal Service. Volk-Reimer agreed to electronic service, and on January 22, Eva e-mailed Volk-Reimer the interrogatories and requests for admission. Eva informed Volk-Reimer that under CR 36, the

3

requests for admission were due no later than February 25.[1]  Volk-Reimer did not provide responses by the February 25 deadline.

On March 31, Volk-Reimer filed an affidavit of prejudice requesting the removal of Judge Leanderson from the superior court case.[2]  Volk-Reimer did not file an accompanying signed motion with his affidavit of prejudice as required by former PCLR 40(f) (2014).  Further, the record does not indicate that Volk-Reimer presented the affidavit of prejudice to Judge Leanderson as required by former PCLR 40(f).

Also on March 31, Volk-Reimer filed a notice of bankruptcy, resulting in an automatic stay of the superior court proceedings.[3]  In his notice of bankruptcy, Volk-Reimer stated, "The aggressive and egregious claims purported by [Eva] give rise for the need to file [for bankruptcy]."  Clerk's Papers (CP) at 685.  On May 12, the bankruptcy court granted Eva's motion for relief from the bankruptcy stay.

On May 31, Eva filed a motion to reinstate the case schedule established by the superior court prior to the stay.  Eva also noted a deposition of Volk-Reimer on June 10, 2016 in Everett.

---

[1] Under CR 36(a),
> [e]ach matter of which an admission is requested shall be separately set forth.  The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party.

[2] Former RCW 4.12.050 (2009) and former PCLR 40(f) (2014) provide the rules for requesting the removal of a judge from a case.

[3] The filing of a bankruptcy petition under Title 11 of the United States Code generally operates as a stay of all other actions against the debtor.  11 USC § 362; *see In re Marriage of Vigil*, 162 Wn. App. 242, 246, 255 P.3d 850 (2011).

On June 3, Eva filed a motion requesting the superior court to compel Volk-Reimer to answer the first set of interrogatories and requests for admission.

On June 8, Volk-Reimer e-mailed Eva stating that he could not get time off work to attend a deposition on June 10, and asked Eva to reschedule the deposition to a later date. Eva declined to reschedule the deposition.

On June 9, Volk-Reimer filed a response and a motion. First, he filed a response joining Eva's motion to reinstate the case schedule.[4] Second, he filed a motion for a protection order, requesting that the court reschedule the June 10 deposition to a later date and to a closer location.

On June 10, Judge Leanderson entered an order reinstating the case schedule that had been established prior to the bankruptcy stay with a few modifications. Volk-Reimer did not attend the June 10 hearing on the case schedule. Trial was set for November 28, 2016. Also on June 10, Eva sent Volk-Reimer a notice of oral examination requesting Volk-Reimer to attend a deposition on June 21 in Tacoma.

On June 17, Judge Leanderson entered an order compelling discovery. The order required Volk-Reimer to complete Eva's interrogatories and other requested discovery, to permit Eva access to inspect the house, and to pay Eva additional attorney fees. Volk-Reimer did not attend the hearing on this order.

On June 20, Volk-Reimer e-mailed Eva stating that he would not be attending the June 21 deposition. On June 22, Eva filed a motion requesting the superior court to compel Volk-Reimer to attend a deposition.

---

[4] Volk-Reimer's motion to reinstate the case schedule proposed different due dates than Eva's motion. The superior court did not adopt either party's proposed dates.

On June 23, Volk-Reimer filed his first notice of discretionary review to our court, requesting review of the June 10 order reinstating the prior case schedule on the grounds that Judge Leanderson did not have authority to enter the order in light of Volk-Reimer's March 31 affidavit of prejudice. This discretionary review in our court was designated case number 49110-9-II.

On June 29 the superior court case was reassigned to Judge Serko. On July 8, Judge Leanderson filed an order requiring Volk-Reimer to attend a deposition on July 29. Volk-Reimer did not attend this deposition.

On August 3, a commissioner of our court entered a ruling in Volk-Reimer's first request for discretionary review (No. 49110-9-II) that, in part, stayed the June 10 order, but did not stay the superior court proceedings before Judge Serko.

On August 3, Eva filed two motions in superior court. First, Eva filed a motion to compel Volk-Reimer to attend a deposition on August 12. Second, Eva filed a motion to reinstate the previously established case schedule. On August 11, Volk-Reimer filed two responses opposing Eva's motions. Both of Volk-Reimer's responses noted that Eva's motions were scheduled to be heard on August 12. On August 12, Judge Serko reinstated the prior case schedule, with a trial date of November 28, 2016. The superior court also granted Eva's motion to compel Volk-Reimer to attend a deposition later that same day. The superior court explained that if Volk-Reimer failed to attend the August 12 deposition, it would "entertain an order of default against [Volk-Reimer] at [Eva's] request." CP at 875. Volk-Reimer did not attend the August 12 superior court hearing or the deposition.

6

On August 22, Volk-Reimer filed his second notice for discretionary review, seeking review of the superior court's August 12 orders. This second discretionary review was designated case number 49240-7-II.

On August 23, Eva filed a motion for default judgment and sanctions against Volk-Reimer. On August 31, Volk-Reimer filed a motion to continue the trial date, with a hearing on the motion set for September 16. On September 15, Volk-Reimer filed his second notice of a bankruptcy proceeding.

On October 4, a commissioner of our court issued an order consolidating Volk-Reimer's two motions for discretionary review and finding that the bankruptcy stay precluded further review of the consolidated matter. On October 14, the bankruptcy court dismissed Volk-Reimer's case because he failed to attend a meeting of creditors.

On October 18, Eva filed a motion for a default judgment and sanctions. On October 27, Volk-Reimer filed a notice of removal of the superior court action to bankruptcy court. On November 15, the bankruptcy court remanded this case to the superior court.

On November 23, the superior court set the hearing on the motion for default judgment for November 29. On November 28, Volk-Reimer filed his third notice of a bankruptcy proceeding.[5]

On November 29, attorney James Turner entered a limited notice of appearance on behalf of Volk-Reimer related to the motions for default judgment and sanctions. During the hearing on

---

[5] Although the filing of a bankruptcy case typically stays other actions pending against the debtor, under 11 USC 362(c)(4)(A)(i), a stay will not be imposed on other actions if "2 or more single or joint cases of the debtor were pending within the previous year but were dismissed." CP at 1056.

Eva's motion for default judgment, Volk-Reimer argued for a conditional judgment as a lesser

sanction to default. The superior court responded:

> The order I entered on August 12th was conditional. There were pretty serious consequences if [Volk-Reimer] failed to appear. I'll read you the order, the last paragraph. . . . I said, "[T]he Court shall also entertain an order of default against [Volk-Reimer] at [Eva's] request, and other appropriate sanctions, whatever those might be." Because I knew at that time that [Eva] was requesting damages for lost rental as well as substantial attorney's fees.

Suppl. CP at 547 (VRP (Nov. 29, 2016) at 28).

At the conclusion of the hearing the court stated:

> Okay . . . but three [bankruptcy filings] have been done within the last year and I think it's even seven or eight months. And the timing of those bankruptcies is curious. They come before some court proceeding, a deposition, something that would allow him to stay it, and making it clear to the Court that he's using the bankruptcy process to interfere with the natural progression of this case. He removed the underlying Superior Court case, which was then immediately remanded back by Judge Lynch. He has filed two appeals and I believe they are now consolidated and still pending with Division II. . . .
>
> . . . . And apparently he filed an affidavit of prejudice against Judge Leanderson, of course, which then she I guess decided to recuse. [Volk-Reimer has] now asked Judge Lynch to recuse because of the conversation Judge Lynch and I had, which I've memorialized on the record. He has never showed up for any hearings even when he was pro se and not represented. His conduct is willful, deliberate, intentional, and clearly motivated to interfere with the progression of this case.
>
> The prejudice to [Eva] is substantial. She cannot proceed with her rights under the complaint without [Volk-Reimer's] cooperation and he's done everything to interfere with her rights. She is substantially prejudiced not only by her underlying rights to this home but also the substantial attorney's fees that she has incurred. . . .
>
> . . . . I never, since <u>Burnet</u> [*v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1977)] came out, I have never, ever done anything like what I'm about to do. And I believe strongly that there is no less restrictive remedy or sanction that will send a message to [Volk-Reimer] other than using the remedy under [CR] 37(b) and frankly CR 11, and the references to 26 as well.

> I think this is absolutely a perfect case for these rules. I think that [Volk-Reimer's] filings have been in bad faith; and frankly, as I said, I think he's making misrepresentations to the Court and he is trying to bully the Court, but also [Eva] and her counsel. And I think it's outrageous and I'm prepared to enter the affirmative relief . . . requested by [Eva].

CP at 551-53 (VRP (Nov. 29, 2016) at 32-34).

The superior court entered a default judgment in Eva's favor and awarded attorney fees to Eva under CR 11, CR 37(b), and its inherent authority based on Volk-Reimer's bad faith actions. The court's judgment contained findings of fact supporting it. In part, the judgment stated that Volk-Reimer was in contempt of the superior court's August 12 order, Volk-Reimer had deeded the house to Eva in 2011, Volk-Reimer was ejected from the house, and Volk-Reimer was liable to Eva for $87,288.80 for lost rental value and attorney fees and costs.

On December 12, Volk-Reimer appealed the November 29 order. Our court consolidated Volk-Reimer's appeal with his previously consolidated pending motions for discretionary review.

ANALYSIS

Volk-Reimer contends that the superior court erred by (1) continuing to rule on matters after he filed an affidavit of prejudice against Judge Leanderson, (2) entering a default judgment in Eva's favor, (3) ordering him to attend a deposition on August 12 without proper notice, and (4) awarding damages for lost rental value, which were not based on credible evidence. Volk-Reimer also asks our court to permit him to supplement the record on appeal under RAP 9.11(a). Volk-Reimer has not demonstrated that the superior court has erred, and we decline his request to supplement the record on appeal.

9

I. AFFIDAVIT OF PREJUDICE AGAINST JUDGE LEANDERSON

Volk-Reimer argues that Judge Leanderson improperly continued to rule on motions after

he filed his March 31, 2016 affidavit of prejudice. Specifically, Volk-Reimer argues that Judge

Leanderson lacked authority to enter the June 10, 2016 order, and therefore it is void.[6] We

disagree.

To remove a judge for prejudice, a party, including pro se litigants, must have presented

to the judge an affidavit *and* a motion. Former PCLR 40(f); former RCW 4.12.050 (2009); *In re

Recall of Lindquist*, 172 Wn.2d 120, 129, 258 P.3d 9 (2011). Volk-Reimer submitted only an

affidavit of prejudice, but failed to file an accompanying motion. Further, there is no indication

that Volk-Reimer presented the affidavit to Judge Leanderson. Accordingly, Judge Leanderson

retained authority to enter the June 10 order, and Volk-Reimer's argument fails.

II. AUGUST 12, 2016 ORDER COMPELLING DEPOSITION

A.      CR 30(b)(1)

Volk-Reimer argues that the superior court's August 12, 2016 order compelling him to

attend a deposition later that same day was improper because he did not have proper notice of

Eva's motion to compel under CR 30(b)(1). We disagree.

Under CR 30(b)(1):

> A party desiring to take the deposition of any person upon oral examination
> shall give reasonable notice in writing of not less than 5 days (exclusive of the day

---

[6] Volk-Reimer also references orders entered June 17, 2016 and July 8, 2016. However, Volk-Reimer did not appeal those orders in any of the three consolidated cases. Notably, our court rejected Volk-Reimer's attempt to amend his notice of appeal to include the July 8, 2016 order. We do not address Volk-Reimer's assertions regarding the June 17, 2016 and July 8, 2016 orders because he fails to offer argument or citation to legal authority demonstrating that review of these orders is proper. *See* RAP 2.4; RAP 10.3; *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

of service, Saturdays, Sundays and court holidays) to every other party to the action and to the deponent.

However, under CR 32(d)(1), "[a]ll errors and irregularities in the notice for taking a deposition are waived unless written objection is promptly served upon the party giving the notice." On August 11, 2016, Volk-Reimer filed a declaration in opposition to Eva's August 3 motion to compel, but did not raise the issue of improper notice under CR 30(b)(1). Further, Volk-Reimer's response to Eva's motion to compel noted that a hearing on that issue was set for August 12. Therefore, Volk-Reimer has waived his notice argument by failing to raise it in a timely manner as required by CR 32(d)(1).

Volk-Reimer also argues that he did not have adequate notice of the superior court's August 12 order on the motion to compel. Volk-Reimer does not cite to any legal authority for this argument. We do not consider issues or arguments unsupported by citation to authority or rational argument. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992). Accordingly, Volk-Reimer's argument fails.

B.      Doctrine of Impossibility

Volk-Reimer also contends that the doctrine of impossibility relieved him of his obligation to attend the August 12 deposition. We disagree.

The doctrine of impossibility is applied to contractual disputes. *Tacoma Northpark, LLC v. NW, LLC*, 123 Wn. App. 73, 81, 96 P.3d 454 (2004). The doctrine

> discharges a party from contractual obligations when a basic assumption of the contract is destroyed and such destruction makes performance impossible or impractical, provided the party seeking relief does not bear the risk of the unexpected occurrence.

*Id*. at 81.

Volk-Reimer does not offer argument or legal authority demonstrating the applicability of this contract doctrine to a court order. We do not consider conclusory arguments unsupported by citation to authority or rational argument. RAP 10.3(a)(6); *Cowiche Canyon*, 118 Wn.2d at 809. Therefore, Volk-Reimer's argument fails.

### III. NOVEMBER 29, 2016 DEFAULT JUDGMENT

A. Standard of Review—CR 30(b) and CR 37(b)

We review the trial court's imposition of sanctions under CR 37(b)(2) for an abuse of discretion. *Smith v. Behr Process Corp.*, 113 Wn. App. 306, 324, 54 P.3d 665 (2002). A trial court abuses its discretion if its decision is manifestly unreasonable or is exercised on untenable grounds or for untenable reasons. *Magana v. Hyundai Motor Am.*, 167 Wn.2d 570, 582-83, 220 P.3d 191 (2009). A decision is based on untenable grounds or made for untenable reasons if it rests on facts unsupported by the record or was reached by applying the wrong legal standard. *Id*. at 583. A decision is manifestly unreasonable if the court, despite applying the correct legal standard to the supported facts, reaches an outcome that is outside the range of acceptable choices, such that no reasonable person could arrive at that outcome. *Id*.

Before a trial court enters a default judgment as a discovery sanction, it must consider three factors on the record. *Magana*, 167 Wn.2d at 584; *Burnet*, 131 Wn.2d at 494.

> [T]he record must clearly show (1) one party willfully or deliberately violated the discovery rules and orders, (2) the opposing party was substantially prejudiced in its ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would have sufficed.

*Magana*, 167 Wn.2d at 584. The purpose of sanctions is "'to deter, to punish, to compensate and to educate.'" *Id*. (quoting *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 356, 858 P.2d 1054 (1993)).

12

B.    Default Order

Volk-Reimer maintains that the superior court erred by entering a default judgment in Eva's favor because his failure to attend the August 12 deposition was not willful, Eva was not prejudiced by his violation, and the superior court did not consider a less severe sanction. We disagree. The record demonstrates that the superior court properly considered whether Volk-Reimer willfully or deliberately violated the discovery rules and orders, whether Eva was substantially prejudiced in her ability to prepare for trial, and whether a lesser sanction would have sufficed. Accordingly, Volk-Reimer's argument fails.

In its ruling on the default judgment, the superior court noted that it had attempted to impose a lesser conditional sanction on Volk-Reimer in its August 12 order and stated that no lesser sanction would deter Volk-Reimer's actions. Additionally, the record demonstrates that throughout the course of the litigation Volk-Reimer made repeated attempts to stall the ordinary resolution of the proceedings through acts such as filing appeals, requesting stays, failing to attend hearings in superior and bankruptcy court, and filing multiple bankruptcy claims. Volk-Reimer's actions demonstrate a pattern of obstruction and resistance to participating in the litigation. The superior court's finding that a lesser sanction would be ineffective to meet the goals of deterrence, punishment, compensation, and education was reasonable and based on the facts in the record.

Additionally, Volk-Reimer's refusal to allow himself to be orally deposed deprived Eva of evidence central to the disposition of the dispute. Eva alleged that Volk-Reimer had deeded the house to her, and she provided documents that purported to bear Volk-Reimer's signature transferring the house to Eva. Volk-Reimer's denial of this event raised authenticity concerns regarding the purported transfer. Volk-Reimer's refusal to be orally deposed, however,

13

prevented Eva from gathering additional evidence about his version of the events that could have been used to impeach his credibility or otherwise challenge his narrative. By the time the date for trial had passed, November 28, 2016, Eva had still not been able to orally depose Volk-Reimer. Based on the record, the superior court reasonably found that Volk-Reimer's violation prejudiced Eva's ability to prepare for trial.

Finally, as the superior court noted, Volk-Reimer's conduct throughout the litigation suggests that his failure to attend the August 12 deposition was willful. For example, Volk-Reimer filed his first bankruptcy case two days after Eva filed her motion for summary judgment following Volk-Reimer's failure to timely respond to interrogatories and requests for admission. In his first notice of bankruptcy filing, Volk-Reimer stated, "The aggressive and egregious claims purported by [Eva] give rise for the need to file [for bankruptcy]," which suggests that Volk-Reimer's filing was in response to the litigation rather than other circumstances. CP at 685. Additionally, Volk-Reimer did not attend three superior court hearings prior to the August 12 hearing on the motion to compel and stated in his response to Eva's motion to compel that he would only agree to written depositions due to his work schedule, despite Eva's multiple attempts to schedule an oral deposition. Based on Volk-Reimer's egregious behavior, the superior court reasonably found that his failure to attend the August 12 deposition was willful.

Volk-Reimer appears to argue that the superior court erred in entering a default judgment because it failed to consider the merits of the case. Volk-Reimer fails, however, to provide any argument or legal authority supporting the proposition that a superior court is required to consider the merits of a case before entering a default judgment. In the absence of argument or legal authority, Volk-Reimer's assertion fails. RAP 10.3(a)(6); *Cowiche Canyon*, 118 Wn.2d at 809; *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no

14

authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none.").

The record demonstrates that the superior court reviewed the required factors under *Magana*, 167 Wn.2d at 584. The superior court's review and findings were reasonable and based on the record. Volk-Reimer has failed to demonstrate that the superior court abused its discretion by granting a default judgment in Eva's favor.

C.      Unclean Hands

Volk-Reimer also asserts that the superior court erred by failing to consider Eva's "unclean hands." Br. of Appellant at 7-8. Volk-Reimer does not otherwise provide argument, citation to the record, or citation to legal authority. We do not consider arguments unsupported by argument or authority. Accordingly, Volk-Reimer's argument fails. RAP 10.3(a)(6); *Cowiche Canyon*, 118 Wn.2d at 809.

IV.  CHALLENGE TO CREDIBILITY OF EVIDENCE

Volk-Reimer contends that the award of damages to Eva for lost rental value in the default judgment is "unsupported by any credible evidence." Br. of Appellant at 15. We disagree.

To the extent Volk-Reimer is challenging credibility determinations, those "are solely for the trier of fact" and "cannot be reviewed on appeal." *Morse v. Antonellis*, 149 Wn.2d 572, 574, 70 P.3d 125 (2003). In any event, Volk-Reimer does not provide argument, citation to the record, or citation to legal authority for this contention. We do not consider arguments unsupported by argument or authority. Accordingly, Volk-Reimer's argument fails. RAP 10.3(a)(6); *Cowiche Canyon*, 118 Wn.2d at 809.

V. RAP 9.11

Volk-Reimer asks our court to allow him to supplement the record with various

attachments to his brief pursuant to RAP 9.11(a). Under RAP 9.11(a), we

> may direct that additional evidence on the merits of the case be taken before the
> decision of a case on review if: (1) additional proof of facts is needed to fairly
> resolve the issues on review, (2) the additional evidence would probably change the
> decision being reviewed, (3) it is equitable to excuse a party's failure to present the
> evidence to the trial court, (4) the remedy available to a party through post[-
> ]judgment motions in the trial court is inadequate or unnecessarily expensive, (5)
> the appellate court remedy of granting a new trial is inadequate or unnecessarily
> expensive, and (6) it would be inequitable to decide the case solely on the evidence
> already taken in the trial court.

We will accept new evidence under RAP 9.11(a) only if all six of the conditions are met.

*State v. Ziegler*, 114 Wn.2d 533, 541, 789 P.2d 79 (1990). Volk-Reimer does not provide any

analysis as to how any of the factors listed in RAP 9.11(a) merit the inclusion of his additional

evidence. We do not consider arguments unsupported by citation to authority or rational

argument. RAP 10.3(a)(6); *Cowiche Canyon*, 118 Wn.2d at 809. Accordingly, Volk-Reimer's

argument fails.

VI. ATTORNEY FEES

Eva requests an award of reasonable attorney fees on appeal under RAP 18.9(a) because

Volk-Reimer filed a frivolous appeal and because he has failed to comply with the Rules of

Appellate Procedure. We grant her request.

Under RAP 18.9(a), we may

> order a party, . . . who uses these rules for the purpose of delay, files a frivolous
> appeal, or fails to comply with these rules to pay terms or compensatory damages
> to any other party who has been harmed by the delay or the failure to comply or to
> pay sanctions to the court.

16

The analysis above shows that Volk-Reimer both failed to comply with the Rules of Appellate Procedure and used them for the purpose of delay. Therefore, we award Eva reasonable attorney fees on appeal under RAP 18.9(a).

## CONCLUSION

We affirm the default judgment and award reasonable attorney fees on appeal to Eva.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Bjorgen, J.

We concur:

Worswick, J.

Sutton, J.