**FILED**
**JANUARY 8, 2026**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 40590-7-III |
| | ) | |
| MERISSA OURADA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| KAMERON OURADA, | ) | |
| | ) | |
| Respondent. | ) | |

MURPHY, J. — Merissa Frizzell, former known as Merissa Ourada, appeals from the following superior court orders entered in post-dissolution proceedings: (1) a May 31, 2024, order on a CR 60 motion to vacate or modify the dissolution decree, (2) a June 27, 2024, order denying reconsideration of the May 31 order, and (3) a July 5, 2024, order denying various objections, a motion to make a record, and request for attorney fees and sanctions.

We remand for the trial court to vacate a January 12, 2024, money judgment. The trial court is otherwise affirmed.

FACTS

Merissa Frizzell and Kameron Ourada were married in 2018 and petitioned in 2022 for dissolution of their marriage. The final decree dissolving the marriage was entered March 9, 2023. Frizzell was awarded the family residence and ordered to make an

> [e]qualization payment to [Ourada] of $52,500.00 to be paid within six (6) months of the date of entry of this Final Divorce Order. If this is not paid to [Ourada] on or before the six-month anniversary of the date of entry of this Order, [Ourada] without notice can enter a judgment for said amount. The judgment will then accrue interest from date of entry at a rate of 12% per year.

Clerk's Papers (CP) at 11.

On August 29, 2023, less than two weeks prior to the deadline to make the equalization payment, Frizzell filed a voluntary petition for Chapter 13 bankruptcy protection in United States Bankruptcy Court for the Eastern District of Washington. An 11 U.S.C. § 362(a) notice of automatic stay was thereafter sent to all of Frizzell's creditors, including Ourada.

*Money judgment and motion to vacate decree of dissolution*

On January 12, 2024, Ourada moved in the trial court for entry of a money judgment against Frizzell for the equalization payment of $52,500. Ourada's motion stated that the payment due date passed and Frizzell had not made any

payment. Relying on the language in the final decree that judgment could be entered "without notice," CP at 11, 15-16, none was given. Ourada neither disclosed nor referenced Frizzell's bankruptcy proceedings or the automatic stay. The trial court entered judgment on January 12, 2024, the same day the motion was filed.

On February 22, 2024, Ourada moved under CR 60(b)(1), (4), and (11), to vacate the property and asset divisions in the dissolution decree, alleging Frizzell never intended to make the equalization payment. In his motion, Ourada further noted, "the money judgment entered without notice to [Frizzell] on January 12, 2024, should be vacated given [Frizzell]'s bankruptcy." CP at 40.

*Initial order to show cause*

On February 27, 2024, the trial court pursuant to CR 60(e)(2) issued an order to show cause on the motion to vacate, setting a hearing on April 5, 2024. Frizzell filed a response on March 29, 2024, citing federal case law and asserting:

(1)  Ourada knowingly and willfully violated the bankruptcy court's automatic stay by seeking entry of the money judgment against Frizzell;

(2)  Ourada violated his duty of candor to the court by failing to disclose Frizzell's bankruptcy proceedings when he requested the money

3

judgment;

(3)    Ourada again violated the automatic stay with his motion to vacate the decree;

(4)    the trial court does not have jurisdiction to hear Ourada's motion to vacate because Ourada seeks property belonging to the bankruptcy estate;

(5)    Ourada deeply misrepresented the law and no law supports his motion or the trial court's jurisdiction; and

(6)    The court should sanction Ourada and award Frizzell attorney fees.

Frizzell filed a declaration and represented that she fully intended to make the equalization payment at the time the final decree was entered but later found herself unable to do so. A declaration from Frizzell's bankruptcy attorney confirmed the date and effect of the automatic stay.

*Amended order to show cause*

On April 2, 2024, Ourada's counsel e-mailed the trial court judge's judicial assistant, indicating a need to continue the April 5 hearing and requesting additional available dates. The judicial assistant noted the court's next available date for a hearing was May 3, 2024, and Ourada's counsel responded that they

would take that date. A legal assistant working for Ourada's counsel then e-mailed

Frizzell's counsel about the new hearing date, conveying the following:

> We are not calling in the Motion to Vacate . . . as we are requesting a
> continuance. We have been provided with a date of May 3rd. I have
> sent the Amended Show Cause Order to the [judicial assistant] for
> signature by [the court], and I will send that over once it's signed.

CP at 84. Frizzell's counsel responded that she did not believe the procedure was

appropriate and objected to "the ex parte submission of orders to [the court]

without notice to me" and "the ex parte request for a continuance without notice to

me." CP at 84. Ourada's counsel forwarded the e-mail communication with the

court on a new hearing date to Frizzell's counsel and responded that a continuance

was necessary to address "the federal issues and caselaw" raised in Frizzell's

response. CP at 83. Frizzell's counsel responded:

> Thank you for including me on your communication with the Court.
> That is much appreciated.
>
> Unfortunately, I cannot agree to a continuance. As you are aware, this
> particular motion is being pursued in violation of the automatic stay
> in a federal bankruptcy proceeding, and each instance of such pursuit
> is a separate violation of the stay, for which your client incurs distinct
> and independent liability. Because the Court does not currently have
> jurisdiction to consider this motion *at all* (at the scheduled time or at
> a future time), I regret that I must insist on a motion for continuance
> to be made on the record so that we may have an opportunity to
> respond on the record, after which a decision will be made on the
> record by the Court.

CP at 90.

On April 4, 2024, the trial court signed an "Amended Order" for a show cause hearing on Ourada's motion to vacate, with a one-hour hearing set for May 3, 2024, and noted it would also hear argument on the continuance issue at that time. *Id.* at 73-74, 94, 108 (some capitalization omitted).

Frizzell filed objections on April 19, 2024, to (1) ex parte action by Ourada's counsel, (2) an insufficient record, (3) continuance of the show cause hearing, (4) issuance of the show cause orders, and (5) improper service. Frizzell also made a motion to make a record and requested fees and sanctions.

*Hearing on motion to vacate*

At the May 3, 2024 hearing, the trial court ruled it lacked jurisdiction to consider and decide the motion to vacate due to the bankruptcy stay, specifically stating:

> [T]he Court is going to deny the motion [to vacate] at this time. But with leave to renote it. So, the Court is technically reserving on the merits, but is ruling that it has no jurisdiction to rule on it at this time. So, it can be renoted once the [bankruptcy] discharge is done.

CP at 231-32. The trial court also addressed its authority to issue an order to show cause and stated, "Once an attorney contacts the Court by filing a motion [to vacate a judgment or order], the Court has to note the hearing. It doesn't have discretion.

It's suggested that the Court would do some kind of gatekeeping and there's no discretion under CR 60(e)(2) to do that." CP at 230-31. The trial court also did not find "any inappropriate ex parte contact by either side." CP at 231.

Frizzell's counsel requested the trial court clarify the basis for issuing the amended order to show cause. The trial court stated it treated the initial order to show cause and the subsequent order to show cause as "independent orders." CP at 233. Even though the second order to show cause was "titled amended, . . . it was a new show cause motion as far as the Court was concerned." CP at 233. The trial court clarified:

> The Court did not sign an order continuing the hearing. All the Court did was provide a date and a time where the Court was free to hear any hearing, any motion that was properly noted. And [the amended order to show cause] was noted, and so the Court signed it.

CP at 232. The trial court also indicated it was "not making an award of attorney fees." CP at 232.

The trial court entered a written order on May 31, 2024, incorporating its May 3 oral ruling and specifically stating (1) it did not have jurisdiction to hear the motion to vacate or modify the dissolution decree at this time, (2) the motion was being reserved and could be renoted for hearing once the bankruptcy was discharged, and (3) it was not making an award of attorney fees. The written order

7

did not address Ourada's request to vacate the January 12, 2024, money judgment against Frizzell.

*Post-hearing motions and orders*

On June 7, 2024, Frizzell moved for reconsideration of the May 31 order, asking the trial court to (1) grant the parties agreed request to vacate the January 12 money judgment, and (2) provide a basis for the decision not to award attorney fees. On June 27, the court entered an order denying the motion for reconsideration that included the following findings:.

A. Counsel for Ms. Frizzell argued in her written materials and at the hearing that the Court should deny the motion to vacate or modify the dissolution decree, which the Court did.
B. The Court understood Counsel for Ms. Frizzell to argue that as a result of a pending bankruptcy proceeding that the Court did not know about when it entered a show cause order, the Superior Court did not have jurisdiction to consider the disposition of the parties' assets and debts vis-à-vis each other and should not disturb the underlying dissolution decree. The Court agreed with that contention on the record and its order reflected the acceptance of that argument.
C. The Court finds that neither party noted a motion for consideration by the Court of what should happen with the judgment previously entered [on January 12] by Mr. Ourada, and this that question was not part of the order entered by the Court [on May 31].
D. The Court finds that neither party has to date provided any case law on whether the Superior Court can modify in any way the debts and liabilities—including any judgment—between these parties without permission or direction from the bankruptcy court.

CP at 295-96. The trial court did not address Frizzell's request to provide a basis

for the denial of attorney fees.

On July 5, 2024, the trial court entered an order denying Frizzell's various

objections, a motion to make a record, and request for attorney fees and sanctions.

Frizzell timely appeals.

ANALYSIS

*Standard of review*

We review jurisdictional questions de novo. *Knight v. City of Yelm*, 173

Wn.2d 325, 336, 267 P.3d 973 (2011). Rulings on CR 60 motions, issuance of

ex parte orders, and decisions on attorney fee awards are reviewed for a manifest

abuse of discretion. *Haley v. Highland*, 142 Wn.2d 135, 156, 12 P.3d 119 (2000);

*State v. Hotrum*, 120 Wn. App. 681, 683, 87 P.3d 766 (2004); *Chuong Van Pham v.*

*Seattle City Light*, 159 Wn.2d 527, 538, 151 P.3d 976 (2007).

*The trial court's authority during a bankruptcy stay of proceedings*

Frizzell contends the trial court lacked jurisdiction due to the bankruptcy

automatic stay to issue the February 27, 2024, and April 4, 2024, orders to show

cause. Ourada responds that state courts have the authority to hold a hearing to

determine if the stay applies to the proceeding and, under CR 60(e)(2), the trial

court was required to issue a show cause order upon the filing of the motion to

vacate and supporting affidavit. Frizzell and Ourada are both correct, in part.

The automatic bankruptcy stay halts judicial proceedings that could affect the bankruptcy estate's property, including property divisions within dissolution actions. 11 U.S.C. 362(a); *In re Marriage of Vigil*, 162 Wn. App. 242, 246, 255 P.3d 850 (2011). Actions violating the stay are considered void such that "any action taken in violation of the automatic stay provision would be an error of law." *Brunetti v. Reed,* 70 Wn. App. 180, 184, 852 P.2d 1099 (1993). However, "not every act taken in connection with a judicial proceeding is considered a violation of the automatic stay provision." *Id.* "A state court has authority to decide whether the automatic stay applies to its proceedings." *Vigil*, 162 Wn. App. at 248; s*ee also Westlund v. Dep't of Licensing*, 55 Wn. App. 82, 84, 778 P.2d 40 (1989).

Here, Ourada's February 22, 2024, CR 60 motion sought to vacate "the property (to include real property) and asset division provisions contained in the Final Divorce Decree initially entered on March 9, 2023, or modify the division of assets contained therein," CP at 39, property that was tied to the bankruptcy estate. [1] CR 60(e) establishes the required procedure when a party requests relief from a prior judgment or order. Under CR 60(e)(1), the petitioner must file a motion

---

[1] Neither party disputes the trial court's ultimate determination that it lacked jurisdiction to grant relief on the motion to vacate in light of the bankruptcy stay.

identifying the grounds for relief and an affidavit from the petitioner giving the facts in support of the motion. Ourada based his motion on 3 of the 11 eligible grounds for relief: (1) mistake, inadvertence, surprise, excusable neglect or irregularity in obtaining the judgment, (2) fraud, misrepresentation, or other misconduct, and (3) any other reason justifying relief. CP at 30 (citing CR 60(b)(1), (4), 11)).

Regarding notice, CR 60(e)(2) states as follows:

> Upon the filing of the motion [to vacate] and affidavit, the court *shall* enter an order fixing the time and place of the hearing thereof and directing all parties to the action or proceeding who may be affected thereby to appear and show cause why the relief asked for should not be granted.

(Emphasis added.) "CR 60(e) requires the court to schedule a show cause hearing and requires the party seeking relief to provide notice to the opposing party prior to this future hearing." *In re Disciplinary Proceeding Against Ferguson*, 170 Wn.2d 916, 932, 246 P.3d 1236 (2011) (citing CR 60(e)(2)-(3)).

In this case, Ourada filed a motion requesting the trial court vacate or modify the property and asset division provisions in its prior order—the final dissolution decree—alleging mistake, fraud or misrepresentation, or any other reason justifying relief. He also filed a declaration in support of his motion. Ourada therefore made the prima facie showing required under CR 60(e)(2)

11

such that the trial court was required to set a hearing date and issue an order to show cause. [2]

"A state court has authority to decide whether the [bankruptcy] automatic stay applies to its proceedings." [3] *Vigil*, 162 Wn. App. at 248 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1106 (9th Cir. 2005)). We hold that the trial court here had the authority to issue the order to show cause so that it could hear from the parties and determine whether it had jurisdiction to decide Ourada's motion to vacate. [4]

---

[2] Frizzell cites case law indicating show cause procedures are discretionary rather than mandatory. The cited case law, however, is not in the context of a motion for relief from prior judgment, nor does the cited case law cite the mandatory language of CR 60(e)(2). Therefore, Frizzell's cited case law does not control this case.

[3] In her reply brief, Frizzell argues that she "raise[s] no issue about the Superior Court's *authority*," and assigns no error to the trial court's determination it could not consider and decide the motion to vacate while the automatic stay was in place. Appellant's Reply Br. at 9 (emphasis added). She instead challenges the trial court's "*jurisdiction*" to even issue an order to show cause once it learned of the bankruptcy automatic say. Appellant's Opening Br. at 46 (emphasis added). This argument is answered by *Vigil*, as referenced above.

[4] Ourada argues that the court properly issued the orders to show cause, in part, because his motion to vacate requested relief from an inequitable property and asset distribution and was not an attempt to collect the equalization payment. This argument speaks to the merits of Ourada's motion and not the court's ruling that it lacked jurisdiction to consider the motion. Because the court reserved ruling on the merits of the motion to vacate until there was a bankruptcy discharge, this argument is premature to the issues on review.

*Issuance of "amended order" to show cause*

Frizzell argues the trial court erred by issuing the "Amended Order" to show cause. CP at 73-74 (some capitalization omitted). Specifically, she contends that the amended order improperly granted a contested continuance based on ex parte contact, without giving Frizzell notice or opportunity to be heard. We disagree.

Local Court Rule (LCR) 40 of the Superior Court Rules for Spokane County proscribes the procedures for assignment of cases and motion practice, including motion setting and calendaring. *See* LCR 40(9), (13). After filing a motion, the moving party "shall contact the judicial assistant of the assigned judge to obtain an available hearing date for the motion." LCR 40(13)(A). The moving party "shall notify the judicial assistant by 12:00 p.m. three (3) days prior to the hearing confirming that the motion is ready to be heard as scheduled." LCR 40(9)(E). "Failure to comply with these requirements may result in a continuance or the motion being stricken from the calendar, the documents. . . not being considered, and the imposition of terms." LCR 40(9)(H). Such administrative communications are not prohibited ex parte contacts under the Washington Code of Judicial Conduct. *See* CJC Rule 2.9(A)(1).

Frizzell argues that the amended order to show cause constituted a continuance. In support of her argument, she notes that the title of the order

contains the term "Amended." CP at 73 (some capitalization omitted). She also notes that Ourada's counsel's staff, in their e-mail to the trial court's judicial assistant, requested a "continuance." *Id*. at 78.

The caption "Amended Order" is a misnomer. *See Swenson v. Seattle Cent. Labor Council*, 25 Wn.2d 612, 616, 171 P.2d 699 (1946) ("The heading of the court order is not determinative of its character."). Ourada, as the moving party, functionally struck the scheduled hearing date by notifying the court, three days before the hearing, that he would not be calling in ready for the hearing and requested a new court date. The court's judicial assistant provided Ourada with the court's availability. Ourada gave notice to Frizzell's counsel of the new court date. This conforms with LCR 40. The trial court found no impropriety and no prejudice in what transpired, treating the orders as independent since the original hearing was not called in ready. The trial court notified the parties that it was setting aside one hour for the hearing and it would hear argument from Frizzell's counsel at that time on the objections to the hearing date being moved. *See* CP at 108.

We hold that the issuance of the "amended order" to show cause did not constitute a continuance and the order was properly issued in accordance with the local rules.

14

*Failure to vacate the money judgment*

Frizzell argues that the trial court erred by denying the parties' requests to vacate the January 12, 2024, money judgment. We agree.

Under CR 60(b)(5), a party may move to vacate a void judgment. Additionally, "Washington has followed the rule that a trial court may vacate *on its own motion* a judgment which is void on its face." *Krueger Eng'g, Inc. v. Sessums*, 26 Wn. App. 721, 723, 615 P.2d 502 (1980) (emphasis added).

Federal bankruptcy law provides the following:

> (a) . . . [A] petition filed under section 301, 302, or 303 of [the bankruptcy] title . . . operates as a stay, applicable to all entities, of—
>     (1) the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding];
>     . . . .
>     (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

11 U.S.C. § 362. "A violation of this 'stay' provision is considered a void action." *Brunetti*, 70 Wn. App. at 184 (citing *In re Schwartz,* 954 F.2d 569, 571 (9th Cir. 1992)). "Therefore, any action taken in violation of the automatic stay provision would be an error of law." *Id*.

Because entry of the money judgment was made in violation of the

bankruptcy automatic stay, it was a void action. We remand for the trial court to

vacate the January 12, 2024 money judgment.

*Denial of Frizzell's request for attorney fees*

Frizzell argues the trial court erred by declining her request for attorney fees.

We disagree.

"We apply a two-part standard of review to a trial court's award or denial of

attorney fees: (1) we review de novo whether there is a legal basis for awarding

attorney fees by statute, under contract, or in equity and (2) we review a

discretionary decision to award or deny attorney fees and the reasonableness of any

attorney fees award for an abuse of discretion." *Falcon Props., LLC v. Bowfits

1308, LLC*, 16 Wn. App. 2d 1, 11, 478 P.3d 134 (2020) (citing *Gander v. Yeager*,

167 Wn. App. 638, 647, 282 P.3d 1100 (2012)). "Courts may award attorney fees

only when authorized by a contract provision, a statute, or a recognized ground in

equity." *Id*. (citing *King County v. Vinci Constr. Grands Projets/Parsons

RCI/Frontier-Kemper, JV*, 188 Wn.2d 618, 625, 398 P.3d 1093 (2017)). "The

trial court abuses its discretion when its exercise of discretion is manifestly

unreasonable or based on untenable grounds or untenable reasons." *Sw.

Suburban Sewer Dist. v. Fish*, 17 Wn. App. 2d 833, 838-39, 488 P.3d 839 (2021).

Frizzell relied on four grounds in making her fee request: 1) Ourada violated the bankruptcy court's automatic stay, 2) Ourada's motion for money judgment and motion to vacate were neither grounded in fact nor warranted by existing law, and interposed for an improper purpose in violation of CR 11, 3) Ourada engaged in bad faith and intransigence, and 4) Frizzell was entitled to fees under RCW 26.09.140 on the basis of her financial need and Ourada's ability to pay.

Damages for willful bankruptcy stay violations, including attorney fees, are recoverable under 11 U.S.C. § 362(k) in bankruptcy court. In state court, a discretionary award of attorney fees in family law matters may be made under RCW 26.09.140 after consideration of the financial resources of both parties. "When intransigence is established, the financial resources of the spouse seeking the award are irrelevant." *In re Marriage of Morrow*, 53 Wn. App. 579, 590, 770 P.2d 197 (1989). Here, the trial court did not find intransigence.

Although Ourada's actions in obtaining the money judgment suggest a willful violation based on his receipt of the notice of bankruptcy stay, the superior court does not have authority to award fees under 11 U.S.C. § 362(k). Frizzell may pursue this in bankruptcy court. The decision of the trial court to not make an award of attorney fees, given its ruling that it did not have jurisdiction to rule on the motion to vacate, was not an abuse of discretion.

17

APPELLATE ATTORNEY FEES

Frizzell requests attorney fees on appeal pursuant to RAP 18.1(b), RCW 26.09.140, CR 11, and on an equitable basis. Ourada requests attorney fees pursuant to RAP 18.1 and RAP 14.2 due to what he characterizes as bad faith litigation instituted by Frizzell. We decline to make an award of attorney fees or costs to either party.

CONCLUSION

We remand for the trial court to vacate the January 12, 2024, money judgment. The trial court is otherwise affirmed. No attorney fees or costs are awarded on appeal.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

18