PER CURIAM.
 

 Patricia Dennis appeals from the district court’s dismissal of her personal injury suit against A.H. Robins Company, Inc. and Melvin Schwartz, M.D. Dennis challenges the dismissal claiming that the district court was prevented from dismissing the case because of an automatic stay imposed under 11 U.S.C. § 362. We reverse.
 

 Dennis filed suit against A.H. Robins and Dr. Schwartz alleging that she suffered pelvic inflammatory disease and later required a total hysterectomy as a result of using the Daikon Shield intrauterine device manufactured by A.H. Robins. Dr. Schwartz was her treating physician. Shortly after suit was filed, A.H. Robins filed for bankruptcy under Chapter 11 of the Bankruptcy Code and, on August 26, 1985, filed a Notice of Commencement of Chapter 11 Case and Imposition of Auto
 
 *872
 
 matic Stay with the district court and the parties involved.
 

 On four separate occasions the district court entered an order staying the action against A.H. Robins and Dr. Schwartz. Each time the court requested that counsel keep the court apprised of the status of the A.H. Robins bankruptcy by filing a request to delay or deny dismissal of the case within 120 days of the order. Twice counsel filed the request after the deadline set by the court. Twice counsel failed to file a request. The first time counsel did not file the request the court dismissed the action
 
 sua sponte.
 
 Upon motion of Dennis’s attorney, the court reinstated the action. After the second failure to file a request, the court dismissed the action with prejudice. This appeal resulted.
 

 Dennis contends that the district court lacked the power and jurisdiction to dismiss her case after the section 362 automatic stay had been imposed. Section 362 states that a bankruptcy petition “operates as a stay, applicable to all entities, of — (1) the * * * continuation * * * of a judicial * * * proceeding against the debtor that was * * * commenced before the commencement of the [bankruptcy].” “All entities” is defined in 11 U.S.C. § 101(14) as including governmental units; “governmental unit” is defined, in part, in 11 U.S.C. § 101(21) as “ * * * department, agency, or instrumentality of the United States.” Therefore, Dennis argues, the district court, as an agency of the United States and consequently a governmental unit, is stayed from affecting Dennis’s judicial proceeding against A.H. Robins and Dr. Schwartz, including the dismissal of the action.
 

 We are not persuaded by this argument. Section 1481 of Title 28 of the United States Code gives the bankruptcy court the powers of a court of equity, law, and admiralty but states that the bankruptcy court “may not enjoin another court.” The bankruptcy court does not have the power to preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay.
 

 “The District Court has power to dismiss a case for failure to comply with its rules * * *. Fed.R.Civ.P. 41(b). In reviewing such an order, we consider whether in the exercise of that power the District Court has exceeded the permissible range of its discretion.”
 
 Moore v. St. Louis Music Supply Co.,
 
 539 F.2d 1191, 1193 (8th Cir.1976), citing
 
 Link v. Wabash R.R.,
 
 370 U.S. 626, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962). The need of a court to advance a crowded docket and to preserve respect for the integrity of its internal procedure is certainly sufficient to justify the dismissal of a case.
 
 Id.
 
 Twice Dennis’s counsel failed to respond to the court's orders and twice counsel responded after the deadline set by the court. The court had the right to require counsel to keep the court informed of the progress of the bankruptcy even though its orders purported to stay the proceeding until the bankruptcy proceeding was closed, dismissed, or discharge in bankruptcy was granted. Consequently, counsel was required to comply with the court’s orders. Because counsel consistently failed to follow the court’s orders, we think the court was correct in applying some measure of sanction in the case. However, we feel a monetary or practice sanction against counsel would have been more appropriate. Dismissal with prejudice places the rights of the plaintiff under an excessive amount of jeopardy. Therefore, we reverse.
 

 We are concerned about one additional aspect of this matter. In
 
 A.H. Robins Co. v. Piccinin,
 
 788 F.2d 994 (4th Cir.1986) and
 
 In re A.H. Robins Co.,
 
 828 F.2d 1023 (4th Cir.1987), the Fourth Circuit considered whether the automatic stay imposed with regard to actions against A.H. Robins should be extended to include other defendants joined with A.H. Robins. The Fourth Circuit concluded that the stay should include these other defendants because the defendants had a relationship with A.H. Robins that required A.H. Robins to become involved in the litigation.
 

 We express some reservation as to whether the automatic stay should have been expanded to include Dennis’s claim
 
 *873
 
 against Dr. Schwartz. Although the facts of this case have not been fully developed, Dr. Schwartz does not appear to have had such a relationship with A.H. Robins that his defense would affect A.H. Robins in the manner contemplated by the Fourth Circuit cases. We do, however, recognize that while any involvement A.H. Robins may have in this individual lawsuit against Dr. Schwartz would not be burdensome, the same level of involvement by A.H. Robins in the thousands of other similar cases now pending against doctors could be overwhelming.
 

 For the reasons stated above, we reverse the decision of the district court and remand the case with directions that it be reinstated.