180

[No. 30192-6-I.   Division One.   June 1, 1993.]

KATHLEEN BRUNETTI, ET AL, *Appellants,* v. STANLEY W. REED, ET AL, *Respondents.*

*Harrison H. deMers, Christopher A. Benson,* and *deMers & Associates, Inc., P.S.,* for appellants.

*Kent C. Meyer* and *Ogden Murphy Wallace,* for respondents.

KENNEDY, J. — Appellants Kathleen and Thomas Brunetti appeal the trial court's denial of their motion to vacate the earlier dismissal of their tort action against respondents Stanley and "Jane Doe" Reed. Finding that the earlier dismissal of the case was not violative of the automatic stay provisions of the bankruptcy code or otherwise improper, we affirm the trial court's denial of the motion to vacate the earlier dismissal.

## FACTS

On July 22, 1987, Kathleen Brunetti allegedly suffered injuries as a result of the negligence of Pioneer Pies, which was owned by the respondents. Ms. Brunetti's retained counsel, Kenneth B. Shellan, filed a complaint for damages in King County Superior Court on June 20, 1990, almost 3 years after the alleged incident. At that time, the trial court issued its order setting the civil case schedule. The order required appellants to file a confirmation of joinder by November 30, 1990. The appellants did not comply with this order.

The respondents filed for chapter 7 bankruptcy on November 27, 1990. On December 5, 1990, the Bankruptcy Court sent appellants notice that respondents had filed bankruptcy and that an automatic stay of actions was in effect.

In late 1990, Mr. Shellan was advised by Talis Colberg, the attorney for Travelers Insurance Company who was representing the Reeds in this action, to withdraw from representation of the Brunettis due to a conflict of interest based upon Shellan's hiring of a former Travelers attorney.

On January 9, 1991, Mr. Shellan filed a "Notice of Withdrawal" with the court. The notice stated:

> PLEASE TAKE NOTICE that effective immediately, Kenneth B. Shellan & Associates, and Kenneth B. Shellan, hereby with-

draw as counsel of record for plaintiffs, Kathleen Brunetti and Thomas Brunetti, in the above-captioned action, and that all future service of pleadings and other matters in connection with the case, except original process, should be made upon said plaintiff's at the following address:

Kathleen and Thomas Brunetti
33305-41st Avenue S.W.
Federal Way, Washington 98003
Telephone: (206) 874-8750

No proof of service on the Brunettis was filed with this notice.

Prior to Shellan's purported withdrawal, on December 24, 1990, the trial court had issued an order in the case requiring the parties to appear before the court on January 31, 1991, for failure to follow the case schedule. This order arose from the appellants' failure to file a confirmation of joinder pursuant to the civil case schedule. The order noted that failure to appear could result in sanctions, including dismissal of the action. Appellants admit that attorney Shellan received said notice before his withdrawal was made.

Pursuant to the court's order and King County Local Rule 16.1(d), respondents filed a confirmation of joinder and, apparently in response to attorney Shellan's notice of withdrawal, sent a copy of this confirmation of joinder directly to appellants on January 16, 1991. The confirmation of joinder specifically noted that the appellants' attorney had withdrawn and that they "may not be equipped to handle the case without counsel." It suggested that this issue be addressed at the "conference set for January 31, 1991, at 9:30 a.m. in Courtroom E942 . . .."

On January 31, 1991, the trial court held the status conference. The only person in attendance was defense counsel, Talis Colberg. The trial court issued an order dismissing the case without prejudice.

On January 16, 1992, Mr. Shellan's office filed a motion to vacate the dismissal under CR 60(b), which was denied. This appeal followed.

DISCUSSION

I

Are Appellants Enjoined From Appealing This Action
Due to the Discharge of Respondents' Debts
in United States Bankruptcy Court?

█ Respondents contend that the appellants are prevented from bringing this appeal by reason of 11 U.S.C. § 524(a)(2). 11 U.S.C. § 524(a)(2) prohibits a plaintiff from proceeding against a debtor who has received a discharge of debt. However, case law has explicitly held that the provisions of this chapter do not bar a party from proceeding against the bankrupt party in a separate state law action in order to establish liability for the purposes of recovering against another party. *In re Beeney,* 142 Bankr. 360, 363 (Bankr. 9th Cir. 1992); *Green v. Welsh,* 956 F.2d 30 (2d Cir. 1992); *In re Jet Florida Sys., Inc.,* 883 F.2d 970 (11th Cir. 1989). This can be done without the plaintiff being required to obtain an explicit modification of the discharge injunction in the bankruptcy court. *Green,* 956 F.2d at 33.

Here, the appellants are proceeding in state court against respondents who are being defended by their insurance company, which would also presumably bear the loss if liability were to be established. The provision of section 524(a)(2) does not come into effect unless the action directly threatens the financial interest of the debtor. *Cf. Green,* 956 F.2d at 31. Therefore, this appeal is not barred by 11 U.S.C. § 524(a)(2).

II

Did the Trial Court Abuse Its Discretion in Failing
To Vacate the January 31, 1991, Order
of Dismissal?

█ A trial court may vacate a prior dismissal of a case under CR 60(b) for specific enumerated reasons, including any reason "justifying relief from the operation of the judgment." A trial court's decision whether to vacate a prior dismissal under CR 60(b) is reviewed under an abuse of discretion standard. *Kennedy v. Sundown Speed Marine,*

*Inc.*, 97 Wn.2d 544, 548, 647 P.2d 30, *cert. denied sub nom. Volvo Penta of Am. v. Kennedy*, 459 U.S. 1037, 74 L. Ed. 2d 603, 103 S. Ct. 449 (1982).

Appellants contend that the trial court's decision not to vacate the prior dismissal was an abuse of discretion because the earlier dismissal was in violation of federal bankruptcy law and unduly penalized appellants for errors of their attorney. We examine each of these issues in turn.[1]

A. Was the January 31, 1991, Dismissal in Violation of Federal Bankruptcy Law?

11 U.S.C. § 362(a)(1) provides that

a petition filed under section 301, 302, or 303 of [the bankruptcy] title . . . operates as a stay, applicable to all entities, of —

(1) the . . . continuation . . . of a judicial . . . action or proceeding against the debtor that was . . . commenced before the commencement of the [bankruptcy proceeding].

A violation of this "stay" provision is considered a void action. *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992). Therefore, any action taken in violation of the automatic stay provision would be an error of law. Thus, if the earlier dismissal of the tort action against respondents was in violation of the automatic stay provisions of the bankruptcy code, the failure of the trial court to vacate that dismissal would constitute an abuse of discretion.

However, not every act taken in connection with a judicial proceeding is considered a violation of the automatic stay provision. This court has held that the automatic stay provision is limited in its effect to court actions which might

---

[1]Appellants also claim that the dismissal was an abuse of discretion because it violated their due process rights. The due process issue was not raised in the trial court, and this court is not required to consider this argument. Although this court will consider certain constitutional issues for the first time on appeal in a criminal case, case law has stated that such consideration is not usually required in a civil case. *See Miebach v. Colasurdo*, 35 Wn. App. 803, 811, 670 P.2d 276 (1983) ("Even a constitutional issue may not be considered for the first time on appeal if it does not relate to the jurisdiction of the court or the rights of a criminal defendant.") (citing *Kennedy v. Seattle*, 94 Wn.2d 376, 383, 617 P.2d 713 (1980)), *aff'd in part, rev'd in part on other grounds*, 102 Wn.2d 170, 685 P.2d 1074 (1984). Accordingly, we decline to consider the due process claim.

violate the purposes of the stay, and that the taking of a voluntary nonsuit of a pending action against a debtor in bankruptcy does not violate the purposes of an automatic stay issued by a bankruptcy court. *Seattle-First Nat'l Bank v. Westwood Lumber, Inc.*, 59 Wn. App. 344, 353, 796 P.2d 790 (1990), *review denied*, 116 Wn.2d 1003 (1991).

This court in *Westwood Lumber* reasoned that the purpose of the automatic stay provision of the bankruptcy code was to protect the debtor from undue expense while the bankruptcy was pending and to protect creditors from having their relative recovery expectations compromised by a monetary action. *Westwood Lumber*, 59 Wn. App. at 351. This court held that the voluntary dismissal of an action by the plaintiffs in a case against the debtor did not violate these purposes and therefore could be allowed. *Westwood Lumber*, 59 Wn. App. at 351. As stated by the court in *Westwood Lumber*:

> Taking a voluntary nonsuit is the precise opposite of the continuation of an action against the debtor. It amounts to a discontinuance or termination of the action, which is to the debtor's advantage. If we agreed, arguendo, that the filing of a motion for a voluntary nonsuit was a continuation of the action, we do not see how it could be construed as a continuation *against* the debtor. It is so clearly to the debtor's benefit.

*Westwood Lumber*, 59 Wn. App. at 351.

Federal courts have also recognized that the automatic stay provision does not bar *all* court action in pending cases. In *Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988), the Eighth Circuit held that the automatic stay provision of federal bankruptcy law did not prohibit a court from taking action in a case for failure of counsel to follow court requirements regarding status conferences.

We believe that *Westwood Lumber* correctly sets out the appropriate analysis for determining whether or not a court action is prohibited by the automatic stay provision. As noted above, *Westwood Lumber* indicates that action can be taken by a court if it is not inconsistent with the purposes of the automatic stay provision. *Westwood Lumber*, 59 Wn. App. at 350-51. In *Westwood Lumber* we decided that the purposes of

the automatic stay provision benefited both the debtor and the creditors. It is to give the debtor "breathing room" as well as to prohibit one creditor from gaining an unfair advantage over another creditor. *Westwood Lumber*, 59 Wn. App. at 350-51.

We believe that the action of dismissal taken by the court in the present case was not violative of these purposes. The dismissal certainly did not impede the debtor's ability to gain respite from pursuit of the debts against it since an entire potential debt was eliminated. Moreover, the dismissal did not give any creditor an unfair advantage over any other creditor. Although the appellants as potential creditors in the present case were disadvantaged by the dismissal of their claim, they were not disadvantaged by the proceeding of another creditor against the debtor which might have had an adverse impact on the monetary corpus available for distribution. The purpose of the stay provision with respect to creditor rights is only to protect creditors from having other potential creditors recover money from the bankrupt estate. *See Westwood Lumber*, 59 Wn. App. at 352; *see also Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989).

The automatic stay provisions are not designed to insulate a creditor from required court rules in a particular jurisdiction. Appellants claim that the dismissal of the action was violative of the automatic stay provision simply because it had a negative effect on them. However, the dismissal of a case for failure to prosecute will routinely have a negative effect on the party who is being punished for noncompliance. The automatic stay provision of the United States bankruptcy code was not intended to protect a creditor in such a situation.

This conclusion was also reached in the factually similar case of *Dennis v. A.H. Robins Co., supra,* which was cited with approval by this court in *Westwood Lumber*. In *Dennis*, the plaintiff had filed a personal injury suit against A.H. Robins Co., Inc., the makers of the Dalkon Shield intrauterine device. During the pendency of plaintiff's action, A.H.

Robins filed for federal bankruptcy protection under Title 11 of the United States Code and subsequently filed notice of an automatic stay with the court in which the action was pending. *Dennis*, 860 F.2d at 871-72.

> On four separate occasions the district court entered an order staying the action against A.H. Robins and Dr. Schwartz. Each time the court requested that counsel keep the court apprised of the status of the A.H. Robins bankruptcy by filing a request to delay or deny dismissal of the case within 120 days of the order. Twice counsel filed the request after the deadline set by the court. Twice counsel failed to file a request. The first time counsel did not file the request the court dismissed the action *sua sponte*. Upon motion of Dennis's attorney, the court reinstated the action. After the second failure to file a request, the court dismissed the action with prejudice.

*Dennis*, 860 F.2d at 872.

Although ultimately reversing the trial court's dismissal of the action on another basis, the Eighth Circuit held that the District Court's dismissal of the action for failure to meet court procedural deadlines was not in conflict with the purposes of the bankruptcy stay provision. *Dennis*, 860 F.2d at 872 ("The bankruptcy court does not have the power to preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay.").

Therefore, we hold that the original dismissal of appellants' tort claim against respondents was not violative of the automatic stay provision issued by the Bankruptcy Court, and thus the failure of the trial court to vacate the dismissal for violation of the stay was not an abuse of discretion. Accordingly, we affirm the judgment of the trial court.

A majority of this panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

PEKELIS, A.C.J., and COLEMAN, J., concur.