IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
April 22, 2021
SX-2008-CV-00086
TAMARA CHARLES
CLERK OF THE COURT

LICATION

**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

IN RE: CASES UNDER BANKRUPTCY STAY.

| | |
|---|---|
| MICHAEL FELIX, <br><br> PLAINTIFF, <br><br> v. <br><br> CARIBBEAN AUTO MART OF ST. CROIX, INC. AND LINUS LANCANE, <br><br> DEFENDANT. | Case No. SX-2008-CV-00086 <br><br> Action for Damages <br><br> Jury Trial Demanded |
| CARIBBEAN AUTO MART, <br><br> PETITIONER, <br><br> v. <br><br> GOVERNMENT OF THE VIRGIN ISLANDS, DEPARTMENT OF LABOR (EX REL. MICHAEL FELIX), <br><br> RESPONDENT. | Case No. SX-2008-CV-00163 <br><br> On Review from the Virgin Islands Department of Labor <br><br> (re: DOL App. No. 020-02-08) |
| DEREK CAMBRIDGE, <br><br> PLAINTIFF, <br><br> v. <br><br> CARIBBEAN AUTO MART OF ST. CROIX, INC., <br><br> DEFENDANT. | Case No. SX-2009-CV-00385 <br><br> Action for Damages <br><br> Jury Trial Demanded |

| | |
|---|---|
| **CARIBBEAN AUTO MART OF ST. CROIX, INC.,** | **Case No. SX-2012-CV-00431** |
| PETITIONER, | **On Review from the Virgin Islands Department of Labor** |
| v. | **Re: DOL Case No. WD-001-2009-SX** |
| **U.S. VIRGIN ISLANDS DEPARTMENT OF LABOR, GARY MOLLOY, COMMISSIONER; AND BERTHA DONNELY-XAVIER,** | |
| RESPONDENTS. | |
| **CARIBBEAN AUTO MART OF ST. CROIX, INC.,** | **Case No. SX-2012-CV-00432** |
| PETITIONER, | **On Review from the Virgin Islands Department of Labor** |
| v. | **Re: DOL Case No. WD-002-2009-SX** |
| **GARY MOLLOY, IN HIS CAPACITY AS COMMISSIONER OF THE U.S. VIRGIN ISLANDS DEPARTMENT OF LABOR; THE U.S. VIRGIN ISLANDS DEPARTMENT OF LABOR; AND DEREK CAMBRIDGE,** | |
| RESPONDENTS. | |

Cite as: 2021 VI Super 41

**Appearances:**

**LEE J. ROHN, ESQ.**
Lee J. Rohn and Associates
Christiansted, VI 00820
*For Michael Felix and Derek Cambridge*

**SHELBY KING-GADDY, ESQ.**
Legal Services of the Virgin Islands, Inc.
Christiansted, VI 00820
*For Bertha Donnely-Xavier*

**PAMELA R. TEPPER, ESQ.**
Solicitor General, Virgin Islands Department of Justice
St. Thomas, VI 00802
*For the Government of the Virgin Islands, Department of Labor (Case No. SX-2008-CV-00163)*

**IAN S.A. CLEMENT, ESQ.**
Assistant Attorney General, Virgin Islands Department of Justice
St. Thomas, VI 00802
*For U.S. Virgin Islands Department of Labor and Gary Molloy, Commissioner (Case No. SX-2012-CV-00431)*

**MICHAEL R. FRANCISCO, ESQ.**
Assistant Attorney General, Virgin Islands Department of Justice
St. Thomas, VI 00802
*For Gary Molloy, in his capacity as Commissioner of the U.S. Virgin Islands Department of Labor and the U.S. Virgin Islands Department of Labor (Case No. SX-2012-CV-00432)*

**MICOL L. MORGAN, ESQ.**
Ogletree, Deakins, Nash, Smoak & Stewart, PC
St. Thomas, VI 00802
*For Caribbean Auto Mart of St. Croix, Inc. (Case Nos. SX-2008-CV-00086, SX-2009-CV-00385, SX-2012-CV-00431, and SX-2012-CV-00432)*

**W. MARK WILCZYNSKI, ESQ.**
Law Office of W. Mark Wilczynski, PC
St. Thomas, VI 00804
*For Caribbean Auto Mart (Case No. SX-2008-CV-00163) and for Linus Lancane*

## MEMORANDUM OPINION

**WILLOCKS, Presiding Judge.**

¶1 **THESE MATTERS** are before the Court following orders issued in each case, directing the solvent parties to show cause why the case should not be dismissed without prejudice due ongoing bankruptcy proceedings. *See generally Felix v. Caribbean Auto Mart of St. Croix*, 2021 VI Super 9; *Caribbean Auto Mart of St. Croix, Inc. v. Molloy*, 2020 VI Super 78. Caribbean Auto Mart of St. Croix (hereinafter "Caribbean Auto Mart") filed a Chapter 7 petition for bankruptcy in 2013 and the automatic stay imposed by federal law, *see* 11 U.S.C. § 362, remains in effect some eight years later. Having further considered the question, "'whether the cases under a bankruptcy stay must remain pending, but stayed, on the [Superior] Court's docket or whether the [Superior] Court can implement another procedure[,]'" *Molloy*, 2020 VI Super 78 at ¶ 5 (quotation marks, brackets, and citation omitted), the Court concludes,

for the reason given below, that the best approach is to dismiss without prejudice any case brought by or against a bankrupt party and, in one instance, to dismiss a motion for relief from judgment, without prejudice and with leave to move to reopen, or refile the motion for relief, if appropriate.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

¶2    The factual and procedural background of each case is not particularly relevant to the issues raised here. Three of the five cases were commenced by Caribbean Auto Mart, but each began initially before the Virgin Islands Department of Labor by former employees of Caribbean Auto Mart. Michael Felix (hereinafter "Felix") appealed an initial denial of unemployment compensation benefits and prevailed. Bertha Donnely-Xavier (hereinafter "Donnely-Xavier") and Derek Cambridge (hereinafter "Cambridge") complained of wrongful discharge and prevailed. Caribbean Auto Mart sought judicial review in the Superior Court in all three cases. The other two cases, filed by Felix and Cambridge, respectively, sought damages from Caribbean Auto Mart, allegedly for wrongful discharge. Felix also sued Linus Lancane (hereinafter "Lancane"), a manager employed by Caribbean Auto Mart at the time. All the cases except the 2008 judicial review of Felix's unemployment benefits award, Case No. SX-2008-CV-00163, are still pending. The 2008 judicial review matter is still before the Court based on a motion filed by Caribbean Auto Mart, and unopposed by Felix, for reconsideration of a February 8, 2010 Order that denied, as untimely, the amended petition for review Caribbean Auto Mart filed. Technically, the 2012 judicial review proceeding involving Felix is closed, as a final order issued in 2010. It is open only insofar as the motion for reconsideration, construed as a motion for relief from judgment, remains pending.

¶3    In March 2013, Caribbean Auto Mart notified the Court that it had commenced Chapter 7 bankruptcy proceedings in the Bankruptcy Division of the District Court of the Virgin Islands. All five cases remain stayed as a result. In late 2020 and early 2021, however, this Court began questioning whether the cases must remain stayed given the duration of the bankruptcy proceedings. *See generally,*

*e.g.*, *Felix*, 2021 VI Super 9; *Molloy*, 2020 VI Super 78. The Court ordered the solvent parties to show cause why these cases should not be dismissed without prejudice. Only Cambridge responded, and only to the Order issued in the 2012 judicial review proceeding. However, the response he filed failed to address the Court's concerns, namely "whether this matter should be dismissed without prejudice . . . [or] whether the bankruptcy trustee can take over the prosecution of this matter." *Molloy*, 2002 VI Super 78 at ¶ 7. The other individuals—Felix and Donnely-Xavier, as well the Government parties and Lancane—also did not respond.[1] Felix was ordered also to show cause why his claims against Lancane, a co-defendant of Caribbean Auto Mart, should remain stayed since "'claims against non-bankrupt co-defendants . . . [generally are not] stayed absent a showing that such claims are "related to" the defendant in bankruptcy and the bankrupt estate.'" *Felix*, 2021 VI Super 9 at ¶ 4 n.1 (quoting *In re: Refinery Hydrocarbon Release Litig.*, Case No. SX-15-CV-100, 2017 V.I. LEXIS 101, *13 (V.I. Super. Ct. July 10, 2017)). Felix did not respond to this question either.

## II. DISCUSSION

¶4     First, before turning to the question at hand, the Court must express its disappointment with Felix, Cambridge, and Donnely-Xavier not responding to the Court's orders. Courts do not issue orders for the sake of issuing orders. What's more, "allowing [parties] to disregard court orders without consequence may have a broader effect on the Court's docket if it sends a message to other litigants that compliance with discovery obligations, case schedules, and court orders is optional." *Shanko v. Lake Cty.*, No. 14-cv-05543-JST (JCS), 2016 U.S. Dist. LEXIS 187668, *5 (N.D. Cal. Feb. 2, 2016). *Acord J.J. v. B.A.*, 68 A.3d 721, 724 (D.C. 2013) ("Compliance with a court order is not optional."); *Hefty v. Strickhouser*, 752 N.W.2d 820, 825 (Wis. 2008) ("We don't write scheduling orders for fun. We don't write these for our

---

[1] Technically, the Government parties and Lancane were not required to reply until after Felix and Donnely-Xavier responded.

health. We write these to be followed. There's a slight trend that I've noticed lately. People don't follow scheduling orders and basically their arguments are, well, nobody got hurt. Well, that's not the reason we do it. We do it for orderly administration of justice . . . ." (brackets and citation omitted)). "'If the credibility of court orders and the integrity of our judicial system are to be maintained, a litigant cannot ignore court orders with impunity.'" *Ross v. Rosen-Rager*, 67 So. 3d 29, 38 (Ala. 2010) (quoting *Kihl v. Pfeffer*, 722 N.E.2d 55, 58 (N.Y. 1999)).

¶5    Recognizing the consequences of dismissal, even of a dismissal without prejudice, this Court directed the solvent parties to address what impact, if any, such a dismissal might have on cases under a bankruptcy stay. *See Felix*, 2021 VI Super 9 at ¶ 5 ("'[B]efore taking any *significant action sua sponte*, the Court must first give the parties a chance to respond.'" (emphasis added) (quoting *Molloy*, 2020 VI Super 78 at ¶ 7)). Ordering the solvent parties to brief these concerns was within the Court's discretion. *Cf. Dennis v. A.H. Robins Co.*, 860 F.2d 871, 872 (8th Cir. 1988) ("The court had the right to require counsel to keep the court informed of the progress of the bankruptcy even though its orders purported to stay the proceeding until the bankruptcy proceeding was closed, dismissed, or discharge in bankruptcy was granted."). Having failed to respond, the Court could dismiss Felix's and Cambridge's actions on that basis alone. *See, e.g., id.* ("The need of a court to advance a crowded docket and to preserve respect for the integrity of its internal procedure is certainly sufficient to justify the dismissal of a case."). The Court could also impose sanctions against their counsel. *See id.* ("Consequently, counsel was required to comply with the court's orders. Because counsel consistently failed to follow the court's orders, we think the court was correct in applying some measure of sanction in the case.").

¶6    In this instance, however, the Court declines to do so because it would only prolong these cases and further consume scarce judicial resources. Nevertheless, it cannot be emphasized strongly enough that it is not the responsibility of the courts to anticipate all possible consequences of a proposed course of

*In re: Cases Under Bankruptcy Stay*
Case Nos. SX-2008-CV-00086 / SX-2008-CV-00163 / SX-2009-CV-00385 / SX-2012-CV-00431 / SX-2012-CV-00432
**MEMORANDUM OPINION**
Page 7 of 17

2021 VI Super 41

action. It is for this reason that courts apprise the parties of their concerns beforehand, and give them a chance to weigh in. Here, for example, it may appear at first glance that a dismissal without prejudice of a case subject to a bankruptcy stay should be appropriate. *Cf. Molloy*, 2020 VI Super 78 at ¶ 7 ("[T]he Virgin Islands Supreme Court has already 'agreed with these courts that dismissal without prejudice represents the sounder method for achieving compliance with the federal mandate.'" (brackets and ellipsis omitted) (quoting *Brouillard v. DLJ Mortg. Capital, Inc.*, 60 V.I. 763, 767 (2014) (*per curiam*)). Moreover, federal and state trial courts routinely dismiss cases without prejudice solely because of the automatically stay imposed by bankruptcy proceedings.[2] In fact, several state courts have promulgated rules that provide for dismissal of cases and proceedings under a bankruptcy stay.[3] A few courts even

---

[2] *Highsmith v. Chrysler Credit Corp.*, 18 F.3d 434, 435 (7th Cir. 1994) ("After learning that the Highsmiths had refiled their Chapter 13 petition, Chrysler dismissed its state court action in order to comply with the automatic stay of 11 U.S.C. § 362 (1988)."); *In re: Sw. Sports Ctr., Inc.*, Nos. 09-21982, 10-1312, 2011 Bankr. LEXIS 3404, *6 (Bankr. N.D. Ohio Sep. 6, 2011) ("On December 20, 2009, the debtor filed a voluntary bankruptcy petition under Chapter 11. On January 28, 2010, the debtor filed a notice to stay proceedings in the second state court case, which pertained to Vanni and Kleem's alleged fraud and conspiracy. On February 12, 2010, the state court dismissed the second state court case without prejudice."); *In re: Truong*, Nos. 03-40283 (NLW), 03-2681, 2004 Bankr. LEXIS 2546, *2 (Bankr. D.N.J. Aug. 27, 2004) ("Several months after the State Court Action was filed, on September 15, 2003 the Debtors filed the instant Chapter 7 case. Because of the bankruptcy, an order was entered in the State Court Action on September 23, 2003 which dismissed the State Court Action as to the Debtors only, and which provided a procedure for restoring the matter to the active trial calendar in the event relief from the automatic stay was obtained."); *Salzman v. Watson*, No. B284969, 2018 Cal. App. Unpub. LEXIS 7609, at *1 n.2 (Nov. 9, 2018) ("Thereafter, Moll declared bankruptcy and filed a notice of stay in the malpractice action. The superior court dismissed the action without prejudice after the parties failed to appear at an order to show cause hearing regarding dismissal pending relief from the automatic stay."); *1st Fin. Bank USA v. Corso*, No. MID L-878-19, 2019 N.J. Super. Unpub. LEXIS 4251, *1 (N.J. Super. Ct. Apr. 10, 2019) ("[T]his matter is hereby dismissed without prejudice, subject to automatic reinstatement upon notice to the court, if the bankruptcy proceedings do not fully dispose of the issues between the parties or if the automatic stay is lifted . . . ."); *Bandler v. Melillo*, 128 A.3d 695, 697 (N.J. Super. Ct. App. Div. 2015) ("On April 21, 2014, Judge Littlefield issued an order stating that, because Evelyn had filed a bankruptcy petition, plaintiff's claims against her in the collection action were dismissed without prejudice until the conclusion of the bankruptcy proceedings or the entry of an order by the bankruptcy court granting relief from the automatic stay under 11 U.S.C.A. § 362(d)."); *Nationstar Mortg. LLC v. Thresher*, No. 342-8-18-Wrcv, 2018 Vt. Super. LEXIS 228, *1 (Vt. Super. Ct. Nov. 2, 2018) ("This dismissal is WITHOUT PREJUDICE to the Plaintiffs right to have this order vacated, and the case reopened, if Plaintiff demonstrates any of the following events have occurred: 1. The Bankruptcy Court has dismissed the bankruptcy case; 2. Defendant has been denied a discharge; 3. The debt has been determined to be non-dischargeable; 4. The bankruptcy court has granted relief from the automatic stay to pursue this claim; 5. For any other reason Defendant's bankruptcy has not precluded the possibility of Nationstar Mortgage LLC d/b/a Mr. Cooper prevailing in this action." (paragraph breaks omitted)); *see also MGTLQ Investors, L.P. v. Tennis*, No. 224-5-17-Rdcv, 2018 Vt. Super. LEXIS 413, *1 (Vt. Super. Ct. July 6, 2018) (same).

[3] *See* Ariz. Graham Cty Super. Ct. R. 5 ("When a bankruptcy case is filed in a civil matter a case should be placed on active calendar for a duration of no longer than two years. If nothing has been filed after two years, then the case is placed on inactive status and dismissed 60 days thereafter. If during the two years a notice of discharge is filed and a judgment entered, then the

require that counsel serve and file a notice when bankruptcy proceedings commence, as well as periodic

status reports thereafter, punishing failure to comply with sanctions.[4] And, while the majority of courts

agree, that a dismissal without prejudice may not violate the automatic stay,[5] there are still consequences

---

case is closed."); Mo. 21st Jud. Cir. R. 75(1)(B) ("Upon the filing of a notice or suggestion of bankruptcy, all action against the debtor shall be stayed for 30 days unless otherwise ordered by the court. The plaintiff shall file proof that the lawsuit in question is not subject to bankruptcy or that the plaintiff has sought relief from the automatic stay within 30 days of the filing of the suggestion of bankruptcy. Failure to provide proof as stated in the sentence above or to obtain relief from the automatic stay within a time set by the court shall result in a dismissal without prejudice of the claim against the defendant who filed bankruptcy."); Tenn. 8th Jud. Dist. Cir. Ct. Local R. 24.02(c) ("In any civil case where the Court has received notice of filing of bankruptcy of a defendant, the case will be purged from the docket at the expiration of six (6) months from the notice of filing of bankruptcy, with costs assessed to plaintiff."); Wis. R. App. P. Local Ozaukee Cty R. 201.5 ("Any party who has knowledge or notice of a bankruptcy proceeding in which the bankruptcy debtor is a party to a pending action or matter shall inform the court of that fact. Except as otherwise provided in the United States Bankruptcy Code, such action or matter shall be dismissed or stayed upon notice to the court that a bankruptcy proceeding has been filed in the United States Bankruptcy Court with the understanding that the case may be reopened or stay lifted upon notification that the bankruptcy proceeding has been terminated or the stay lifted.").

[4] *See, e.g.*, Cal. Rules of Ct., 1st App .Dist. R. 21 (c) ("On the first court days of January, April, July, and October, the debtor or other party for whose benefit a stay of proceedings in this case has been taken must serve and file brief status reports informing the court of the status of the bankruptcy."); Tex. Dist. Ct. El Paso Cty Local R. 3.10(A)(1) ("Whenever any party to litigation in these courts files for protection under the bankruptcy laws of the United States, it shall be the responsibility of that party's counsel in these courts to promptly notify the affected courts by immediately telephoning the court coordinator and, within three days of any bankruptcy filing, to provide written notice to the affected courts and all counsel that a bankruptcy filing has occurred giving the name and location of the bankruptcy court, the bankruptcy cause number and style, the date of filing and the name and address of counsel for the bankrupt. Compliance with this rule will enable the courts to pass over cases affected by bankruptcy and to try other cases on the docket. Failure to comply with this rule may be punished by sanctioning counsel and, in appropriate cases, the party, once the bankruptcy is concluded." (paragraph breaks omitted)).

[5] *See In re: Refinery Hydrocarbon Release Litig.*, 2017 V.I. LEXIS 101 at *10-14 (collecting cases); *see also, e.g., Chavez v. Miller*, Civ. No. 15-cv-2226-WYD-CBS, 2016 U.S. Dist. LEXIS 33312, *2-3 (D. Colo. Mar. 15, 2016) ("Although no case law from the Tenth Circuit was located that is directly on point, courts in other jurisdictions have addressed this issue. In general, these courts have held that the automatic stay under section 362(a) does not prevent a court from dismissing a case against the debtor on motion of the plaintiff pursuant to Rule 41. In contrast, courts have held that where an order of dismissal against the debtor would require the court to consider issues related to the underlying case, the dismissal would constitute an impermissible continuation of the judicial proceeding and would be barred by the automatic stay." (citations and paragraph break omitted)). *Cf. Arnold v. Garlock Inc.*, 288 F.3d 234, 236 (5th Cir. 2002); *Dennis.*, 860 F.2d at 872 ("The need of a court to advance a crowded docket and to preserve respect for the integrity of its internal procedure is certainly sufficient to justify the dismissal of a case."); *Settles v. Comm'r*, 138 T.C. 372, 377 (2012) ("[A] dismissal of the instant cases would not constitute a continuation of the judicial proceedings."); *Gallagher v. Sports Publ'g, LLC*, No. 07-CV-2025, 2009 U.S. Dist. LEXIS 7892, *6 (C.D. Ill. Feb. 4, 2009) ("This court further concludes that the dismissal of a bankruptcy debtor from a lawsuit does not violate the automatic bankruptcy stay. A Rule 41 dismissal does not violate the automatic stay because the purposes of the Bankruptcy Code are in no way infringed by dismissal of the action against the bankrupt party without any additional cost or risk to the bankrupt party or its creditors." (citation omitted)); *Cornell v. Pirates' Pension Bd. of Dirs.*, No. 2006-100, 2008 U.S. Dist. LEXIS 93369, *5 n.3 (D.V.I. Oct. 27, 2008) ("The Court may therefore dismiss Equivest pursuant to Rule 41(a)(2) despite the automatic stay."); *Slay v. Living Ctrs. E., Inc.*, 249 B.R. 807, 807 (S.D. Ala. 2000) ("[A] Rule 41 dismissal does not violate the automatic stay because 'the purposes of the Bankruptcy Code are in no way infringed by the dismissal by a plaintiff of a case against the bankrupt without any additional cost or risk to the bankrupt or its creditors.'" (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 852 F. Supp. 226, 228 (S.D.N.Y. 1994)); *Mirada Energy, LLC v. Oasis Petro. Inc.*, 614 S.W.3d 439, 440 (Tex. App. 2020) ("Dismissal of a debtor from a lawsuit does not violate the bankruptcy stay." (citing *Thuesen v.*

to such dismissals.

¶7      "Ministerial acts, even if undertaken in a state judicial proceeding subsequent to a bankruptcy filing, do not fall within the proscription of the automatic stay." *In re: Soares*, 107 F.3d 969, 973-74 (1st Cir. 1997). "A ministerial act is one that is essentially clerical in nature." *Id.* at 974. "Frequently, routine scrivening, such as recordation or entry on the docket, follows on the heels of a judicial decision." *Id.* Thus, if the dismissal was ordered from the bench before bankruptcy proceedings commenced, reducing that ruling to writing would be ministerial. "Such actions . . . are ministerial and, consequently, do not themselves violate the automatic stay even if undertaken after an affected party files for bankruptcy." *Id.* However, "acts undertaken in the course of carrying out the core judicial function are not ministerial and, if essayed after bankruptcy filing, will be deemed to violate the automatic stay." *Id.* Depending on the federal circuit, that is.

¶8      "There [is] a split among the circuits as to the ensuing validity of actions in violation of an automatic stay and there is confusion in the use of the terms used to characterize the subsequent force and effect of these actions." *Bronson v. United States*, 46 F.3d 1573, 1577 (Fed. Cir. 1995) ("Consequent actions have been characterized as void, voidable, or merely invalid. A majority of the circuits have held that actions taken in violation of the automatic stay are void. . . . Still other courts have concluded that actions in violation of the automatic stay are void, yet went on to recognize an equitable exception to the operation of the stay." (collecting cases in footnotes) (footnotes omitted)); *see also York Ctr. Park Dist.*

---

*Amerisure Ins. Co.*, 487 S.W.3d 291, 297 (Tex. Ct. App. 2016); *Darr v. Altman*, 20 S.W.3d 802, 807 (Tex. Ct. App. 2000) ("The dismissal of a defendant/debtor from a lawsuit does not violate the bankruptcy stay." (collecting cases)). *But cf. Darr*, 20 S.W.3d at 807 n.5 (collecting contrary cases); *see also, e.g., Pope v. Manville Forest Prods. Corp.*, 778 F.2d 238, 239 (5th Cir. 1985) ("We recognize that the stay, by its statutory words, operates against 'the commencement or continuation' of judicial proceedings. No specific reference is made to 'dismissal' of judicial proceedings. Nevertheless, it seems to us that ordinarily the stay must be construed to apply to dismissal as well."); *McGuire v. Champion Fence & Constr., Inc.*, 104 P.3d 327, 330 (Colo. App. 2004) ("Thus, we conclude, as did the court in *Ellis*, that the operation of the stay does not depend on the outcome of the proceedings and acts that favor the debtor are still void if they violate the automatic stay." (citing *Ellis v. Consol. Diesel Elec. Corp.*, 894 F.2d 371 (10th Cir. 1990)).

*v. Krilich*, 40 F.3d 205, 207 (7th Cir. 1994) (comparing *Ellis v. Consolidated Diesel Electric Corp.*, 894 F.2d 371, 372 (10th Cir. 1990) (void), with *In re: Siciliano*, 13 F.3d 748 (3d Cir. 1994) (voidable) but declining to decide the issue on other grounds). Thus, "where an order of dismissal against the debtor would require the court to consider issues related to the underlying case, the dismissal would constitute a continuation of the judicial proceeding and is therefore barred by the automatic stay." *Settles*, 138 T.C. at 376. However, where the court simply dismisses the case without considering the merits of the underlying case, the dismissal would not constitute a continuation. It is for this reason that several courts have held that "[t]aking a voluntary nonsuit is the precise opposite of the continuation of an action against the debtor. It amounts to a discontinuance or termination of the action, which is to the debtor's advantage." *Seattle-First Nat. Bank v. Westwood Lumber, Inc.*, 796 P.2d 790, 794 (Wash. Ct. App. 1990); *accord Orion Invest., Inc. v. Dunaway & Assocs., Inc.*, 760 S.W.2d 371, 374 (Tex. App. 1988) ("The automatic stay is violated by 'the commencement or continuation' of a suit against the debtor. A non-suit is a termination of a case and does not violate the terms of the automatic stay." (citation omitted)). "The purpose of the automatic stay is to prevent a race to the courthouse to obtain the debtor's assets, and the scope of the stay should be construed no more broadly than necessary to effectuate the purpose of the stay." *Wyssbrod v. Wittjen*, 798 So. 2d 352, 359 (Miss. 2001). Consequently, dismissing a case filed by or against a debtor, with leave to reinstate if appropriate, would not encourage or facilitate a race to the courthouse to obtain assets, so long as that dismissal is without prejudice and without preclusive effect.

¶9     To explain, once a bankruptcy petition is filed, it operates an automatic stay on "'the commencement or continuation' of an action 'to recover a claim against the debtor' . . . ." *Hoang v. Lowery*, 228 A.3d 1148, 1159 (Md. 2020) (citation omitted). The automatic stay takes effect, it remains in effect until proceedings end or until relief from the stay is granted on motion. "[T]he Bankruptcy Code identifies three instances when, by operation of law, the automatic stay terminates in a bankruptcy case:

(1) 'the time the case is closed'; (2) 'the time the case is dismissed'; or (3) 'the time a discharge is granted or denied' in a case under Chapter 7." *Id.* (quoting 11 U.S.C. § 362(c)(2)). "Creditors may also petition for relief from the automatic stay under 11 U.S.C. § 362(d)." *Id.* Once a bankruptcy case is closed, "the creditors recover from available funds at their level of priority while the debtor receives a discharge of remaining debts and a fresh start." *Id.* at 1160. "By contrast, a bankruptcy can end 'unsuccessfully' by a 'dismissal' of the action." *Id.* (citing 11 U.S.C. §§ 707(a), 1112(b)(1), and 1307(b)); *see also id.* ("Under Chapter 7, the court may dismiss a case for cause, including if the debtor causes unreasonable delay that prejudices their creditors, does not pay required fees, or fails to file required information." (citing 11 U.S.C. § 707(a)). "If a bankruptcy case is dismissed, the debtor does not receive a discharge. Instead, 'the automatic stay is dissolved and dismissal 'restores the assets and the parties to their prepetition status, as if the case had never been filed.'" *Id.* (citation omitted). If discharge from bankruptcy is denied, it is a punishment. *See id.* ("Denial of discharge is an extreme sanction—it is 'akin to financial capital punishment. It is reserved for the most egregious misconduct by a debtor.'" (quoting *In re: Tauber*, 349 B.R. 540, 545 (Bankr. N.D. Ind. 2006)).

¶10    "Perhaps the single most defining feature of federal bankruptcy law in the United States is the ultimate discharge of a person's pre-existing debts." *Id.* at 1150. "This discharge of indebtedness embodies a deeply-held American ideal—the notion that, despite bad luck or bad judgment, people deserve a second chance to build a life for themselves and contribute to our great national experiment." *Id.* "The discharge 'operates as a permanent injunction against the commencement or continuation of an action to collect, recover or offset any such debt as a personal liability of the debtor.'" *Boyle v. PMA Med. Specialists, LLC*, 754 F. App'x 93, 95 (3d Cir. 2019) (ellipsis and brackets omitted) (quoting 11 U.S.C. § 524(a)(2)). If the person is a business, and the owners determine that the business is no longer a going-concern, the discharge can take the form of liquidation of assets under Chapter 7 to pay claims, including claims

asserted in pending lawsuits.

¶11     Section 502(c) of Title 11 of the United States Code provides for the "estatmat[ing] . . . [of] any contingent or unliquidated claim, the fixing or liquidation of which . . . would unduly delay the administration of the case . . . ." 11 U.S.C. § 502(c)(1). Pending lawsuits, which have not resulted in a judgment against the debtor, are considered contingent or unliquidated claims. *Cf.* 11 U.S.C. § 101(5)(A) ("The term 'claim' means – right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . . ."). Claimants, meaning those with a claim against the debtor, including claims in pending lawsuits, are expected to file proof of their claims in the bankruptcy proceeding. The bankruptcy court then estimates the contingent claims, a process the Superior Court of New Jersey succinctly explained:

> The Bankruptcy Code and Rules were designed to implement a speedy, efficient, and economical method for the determination and allowance of claims. Based on this policy, it is clear that Congress intended that contingent or unliquidated claims be estimated by the bankruptcy judges under section 502(c), using whatever method is best suited to the particular contingencies at issue. The language of Section 502(c) is mandatory, not permissive, and imposes upon the court an affirmative duty to estimate any unliquidated or contingent claim where the actual liquidation of the claim would unduly delay the administration of the case. The bankruptcy court simply values and "estimates the amount of the claim for purposes of its allowance discounting its value to reflect the uncertainty of the contingency, in order to enable the holder to share in the distribution of the insolvent estate." *Matter of Liquidation of Integrity Ins. Co.*, 691 A.2d 898, 902-03 (N.J. Super. Ct. 1996) (ellipsis and citations omitted).

With reference to Chapter 7 cases specifically, which is the type of case Caribbean Auto Mart commended, the New Jersey Superior Court explained that:

> [i]n a Chapter 7 liquidation case, the courts do not have the luxury of an ongoing business to pay contingent claims when finally liquidated, as they do in a rehabilitation case. Thus, waiting for contingent claims to mature in liquidation cases would unduly delay the administration of the case. Consequently, a bankruptcy court has to determine some basis upon which to base an estimate of the amount of the claim. This task must be accomplished as it is mandated by the Code, the goals of which are (1) to promote a fair distribution to creditors through a realistic assessment of uncertain claims, and (2) to avoid the need to await the resolution of pending or future outside lawsuits to determine issues of liability or

amounts owed by means of anticipating and estimating the likely outcome of these actions. *Id.* at 903.

¶12    Although Caribbean Auto Mart commenced a Chapter 7 proceeding in 2013, approximately eight years later it remains pending. As a result, the cases listed above in the caption, and at least eight other matters, remain pending but stayed in the St. Croix District of the Superior Court of the Virgin Islands.[6] The question the Court put to the solvent parties in these cases was, essentially, what harm is there in dismissing each case without prejudice, with leave to reopen if necessary. If Felix, Richardson, and Donnely-Xavier had to file proof of their claims in the bankruptcy proceeding, and if the bankruptcy court was supposed to estimate those claims, and if Caribbean Auto Mart's ultimate discharge from bankruptcy proceedings will transform the automatic stay into a permanent injunction and preclude further prosecution by Felix, Richardson, and Donnely-Xavier, then these cases may never be restored to active status on the Superior Court's docket. This was the concern the Court had.

¶13    In researching this question—without the benefit of briefing from the parties—the Court uncovered only one instance where there may, in fact, be some harm, broadly-speaking, from dismissing a case under a bankruptcy stay. Several courts have concluded that the dismissal of a pending case under a bankruptcy stay deprived the claimant of standing when the dismissal was on the merits.[7] Moreover,

---

[6] *Fitzroy Williams v. Caribbean Auto Mart St. Croix, Inc., et al.*, Case No. SX-2006-CV-00295 (DAB); *Caribbean Auto Mart St. Croix, Inc. v. Francisco O. Hassell*, Case No. SX-2006-CV-00357 (DAB); *Annelle Knight, et al. v. Caribbean Auto Mart of St. Croix, Inc., et al.*, Case No. SX-2008-CV-00280 (DAB); *Asheem Charles, et al. v. Caribbean Auto Mart of St. Croix, Inc., et al.*, Case No. SX-2008-CV-00463; *Ram's Auto Repair v. Caribbean Auto Mart of St. Croix, Inc.*, Case No. SX-2009-CV-00583 (JM); *Leon A. Richardson, III v. Chrysler, Dodge, Jeep of St. Croix*, Case No. SX-2010-CV-00383 (HWLW); *Leon Richardson v. Caribbean Auto Mart of St. Croix, Inc., et al.*, Case No. SX-2011-CV-00256 (HWLW); and *Severin Davis v. Caribbean Auto Group d/b/a Caribbean Auto Mart St. Croix*, Case No. SX-2011-CV-00261 (DAB).

[7] *See, e.g., In re: Ernst*, No. CC-04-1052-McBMa, 2005 Bankr. LEXIS 3422, *19-20 (B.A.P. 9th Cir. Nov. 21, 2005) (voluntary dismissal with prejudice in state court precluded adversary proceeding in bankruptcy court and deprived creditor of standing to object to debtor's discharge) ("[T]he appellant's claim is no longer subject to any dispute. The appellant's claim does not exist. It has been dismissed *with prejudice*, and therefore adjudicated on the merits. The appellant no longer has a right to payment, and hence has no claim that could be affected should the appellee's discharge be denied. Without his creditor status, the appellant does not have standing to challenge the appellee's discharge under section 727." (emphasis added)); *In re: Andrews*, 239 F.3d 708, 712 n.23 (5th Cir. 2001) ("[A] creditor has no standing to pursue adversary claims in bankruptcy when the creditor's only basis for doing so was her ownership of a claim that was earlier dismissed in state court. Dismissal of a

even though a dismissal may be without prejudice, it can be dispositive, and thus be "on the merits," if it is the second dismissal of the same claim. *See* V.I. R. Civ. P. 41(a)(1)(B) ("[I]f the plaintiff previously dismissed any federal or Virgin Islands court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."); *accord* Fed. R. Civ. P. 41(a)(1)(B) (same). Thus, if the claimant previously filed and voluntarily dismissed the same claim, or if the plaintiff voluntarily agrees to dismiss with prejudice claims that are under an automatic stay, then that dismissal could preclude him from recovering in the bankruptcy proceeding because he may then be deprived of creditor standing.

¶14    Taking judicial notice of the Superior Court's own files, *see Goodwin v. Fawkes*, 67 V.I. 104, 107 n.2 (Super. Ct. 2016), the Court finds no harm here in dismissing the above-captioned cases without prejudice or, similarly, in dismissing Caribbean Auto Mart's reconsideration motion without prejudice. Neither Felix nor Cambridge filed a civil action against Caribbean Auto Mart that was dismissed. Assuming that the two dismissal rule could apply to petitions for judicial review, *but cf. Sparks Nugget, Inc. v. Scott*, 583 F. Supp. 78, 80 n.2 (D. Nev. 1984), no previous case was filed by Caribbean Auto Mart to seek review of the award to Felix of unemployment benefits, or the determination that Cambridge and

---

claim precludes any possibility of collecting any money."); *In re: Vahlsing*, 829 F.2d 565, 568 (5th Cir. 1987) ("Although Stanley was correctly listed as a contingent creditor in Vahlsing's bankruptcy petition, once the New Jersey Surrogate Court dismissed her claim, Stanley lost creditor status. Not being a creditor, Stanley did not have the right under 11 U.S.C. § 727(c)(1) to oppose Vahlsing's discharge."); *In re: Townsend*, No. 1100167EE, 2015 Bankr. LEXIS 3353, *11 (Bankr. S.D. Miss. Sep. 30, 2015) (dismissal order and judgment entered in pending lawsuit) ("At the time Townsend filed her voluntary petition under Chapter 7 of the Bankruptcy Code on January 18, 2011, she was a named defendant in the pending lawsuit which Newsome had filed in the USDC. At that time, Newsome was asserting a claim against Townsend as defined by 11 U.S.C. § 101(5) and was a creditor of Townsend. However, when Newsome's claim against Townsend was dismissed by the USDC on October 23, 2013, Newsome was no longer a creditor of Townsend."); *In re: Green*, 133 B.R. 185, 187 (E.D. Va. 1991) ("Appellant's claim to creditor status cannot be based on a lone counterclaim that has been finally dismissed."). *But cf. In re: Clark*, No. CC-11-1322-KiMkH, 2012 Bankr. LEXIS 2379, *16 (B.A.P. 9th Cir. May 25, 2012) ("Strands' voluntary dismissal without prejudice fails to satisfy one of the requirements of both preclusion doctrines - a final judgment on the merits. As a result, neither doctrine prevented Strands from bringing their claims in the bankruptcy court or the state court."); *In re: Truong*, Nos. 03-40283 (NLW), 03-2681, 2004 Bankr. LEXIS 2546, *12-13 (Bankr. D.N.J. Aug. 27, 2004) (rejecting assertion that state court dismissal barred federal prosecution of creditor claims) ("The Superior Court entered the dismissal order solely because Truong filed a petition in bankruptcy and the automatic stay prevented the State Court Action from going forward. Accordingly, there was no final, substantive ruling which this Court has rendered ineffectual by permitting amendment of the complaint.").

Donnely-Xavier were wrongfully discharged.[8] More importantly, however, the two dismissal rule

generally applies only when the dismissal is done voluntarily by the plaintiff and not involuntarily by the

court. *Cf. ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999). Thus, dismissing these cases

should not deprive the claimants of creditor standing in the bankruptcy court.

¶15     The only remaining question is how to proceed with regard to Felix's pending claims against

Lancane. "The automatic stay does not stay the entire proceeding where the debtor is one of several

defendants. The stay generally does not protect persons other than the debtor, such as principals and

officers, and does not protect non-bankruptcy co-defendants of the debtor." *Wyssbrod v. Wittjen*, 798 So.

2d 352, 359 (Miss. 2001) (citation omitted). Instead, the debtor must ask the bankruptcy court to extend

the stay to any co-defendants. Neither Caribbean Auto Mart nor Lancane have informed this Court that

the Bankruptcy Court had extended the automatic stay to Felix's claims against Lancane. Furthermore,

Felix did not respond when the Court ordered him to show cause why his claims against Lancane should

not proceed separately. Thus, Felix's claims against Lancane could dismissed for failure to prosecute,

since the bankruptcy stay does not apply to Lancane, and for failing to respond to the Court's Order. *See*

V.I. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute *or to comply with . . . a court order*, a defendant

may move to dismiss the action or any claim against it." (emphasis added)). In this instance, however, the

Court will instead sever and dismiss Felix's claim against Caribbean Auto Mart without prejudice so his

claims against Lancane can proceed. *Cf. In re: Refinery Hydrocarbon Release Litig.*, 2017 V.I. LEXIS

101 at *14 ("[I]n some courts 'it is common practice to sever the action as to the debtor and to proceed

---

[8] There is some authority holding that proceedings before quasi-administrative agencies such as departments of labor or workers' compensation boards, including, presumably, appeals or judicial reviews of such decisions, might not be stayed automatically, *see, e.g., In re: Mansfield Tire & Rubber Co.*, 660 F.2d 1108 (6th Cir. 1981) (workers compensation); *Razorback Vacuum v. Dir., Ark. Empl. Sec. Dept.*, 865 S.W.2d 649 (Ark. Ct. App. 1993), particularly where any payment would not come from the debtor itself but rather from a government-run fund. *Accord Felix*, 2021 VI Super 9 at ¶ 4 n.2. Since the parties failed to address this issue, the Court assumes for purposes of this Opinion that the judicial review proceedings commenced by Caribbean Auto Mart are stayed.

against the solvent codefendants.'" (ellipsis and citation omitted).

## III.   CONCLUSION

¶16   "[S]tate [and territorial] courts have jurisdiction to interpret the provisions of the bankruptcy code and orders of the bankruptcy court to determine whether, under their plain terms, the automatic stay provision applies to a state [or territorial] court proceeding . . . ." *U.S. Bank Nat'l Ass'n v. Crawford*, 219 A.3d 744, 760 (Conn. 2019). However, territorial and "state courts do not have jurisdiction to change the status quo by modifying the reach of the automatic stay provision either by extending the stay to proceedings to which it does not automatically apply or by granting relief from the stay in proceedings to which it does automatically apply." *Id.* "Rather, any modification of the stay must be sought in bankruptcy court." *Id.* Here, neither the solvent nor the insolvent parties sought modification of the automatic stay from the bankruptcy court. As a result, all five cases remain stayed and pending for approximately eight years after bankruptcy proceedings commenced.

¶17   Since "[t]he bankruptcy court does not have the power to preclude another court from dismissing a case on its docket or to affect the handling of a case in a manner not inconsistent with the purpose of the automatic stay[,]'" *Felix*, 2021 VI Super 9 at ¶ 5 (quoting *Dennis*, 860 F.2d at 872), and since "[s]tate and territorial courts have found that 'the need of a court to advance a crowded docket is certainly sufficient to justify the dismissal of a case[,]'" *Molloy*, 2020 VI Super 78 at ¶ 7 (quoting *In re: Refinery Hydrocarbon Release Litig.*, 2017 V.I. LEXIS 101 at *11), this Court concludes that the best policy for the Superior Court, concerning cases stayed as a result of bankruptcy proceedings, is to dismiss without prejudice, so long as the dismissal is not dispositive, and with leave to move to reopen the case. None of the claims at issue here were previously dismissed. Thus, a dismissal without prejudice should not have preclusive effect. Moreover, since Felix, Donnely-Xavier, and Cambridge had to file proof of their tort claims, and possibly their unemployment benefits, in the bankruptcy proceedings, those claims eventually should be

resolved by the Bankruptcy Court. Accordingly, for the reasons stated above, the Court will dismiss the reconsideration motion Caribbean Auto Mart filed in the judicial review proceeding concerning Felix, dismiss the other two judicial review proceedings, as well as *Cambridge*. In *Felix*, because Felix's claims against Lancane, a non-bankrupt co-defendant, are still pending, the Court will instead dismiss the claims against Caribbean Auto Mart without prejudice, so Felix can proceed against Lancane separately. Appropriate orders follow in each case.

      **DONE this 23rd day of April, 2021.**

                                     **HAROLD W.L. WILLOCKS**
                             Presiding Judge of the Superior Court

**ATTEST**:
Tamara Charles
Clerk of the Court

By: _____
     Court Clerk
Dated: _____4/22/2021_____